### ₁ Commonwealth *against* Primrose.

The writ of *quo warranto* averred that the office was not vacant, the relator not being legally removed, when the defendant was appointed to fill it. The defendant pleaded that it was vacant, and the plaintiff demurred, because the plea by not denying admitted that the vacancy was created by the removal of the relator as set forth in the writ, and in no other manner. *Held*, that this was an admission that the office was vacant when the respondent was appointed, and the demurrer overruled.

Where a relator designs to draw into question the legality of his own expulsion from office, the proper mode of proceeding is by *mandamus* and not by *quo warranto.*

THIS was a writ of *quo warranto* on the relation of John Dungan against William Primrose, setting forth that the defendant, since the 5th of October 1841, had exercised the office of a commissioner to represent the creditors of John Nicholson, deceased, under the Act of Assembly of the 16th of April 1840; that the relator claimed the office under a commission from J. B. Anthony, Judge of the Nicholson Court, dated 14th of July 1840, but was removed by the Judge on the 5th of October 1841, without previous notice, and when the Judge was in Philadelphia; whereas the Act of Assembly directs the court to be held for such purpose at Harrisburg; which order of removal the Judge, on hearing, refused to vacate, assigning as a reason the presentation of a deed of compromise between the heirs of John Nicholson and the creditors, which, the writ stated, gave no authority for the proceeding. That on the 5th of October 1841, the defendant was appointed instead of the relator, when no vacancy existed, and for other reasons.

The defendant pleaded several pleas, the first of which was, that on the 5th of October 1841, the office of commissioner on the part of the creditors was vacant, and being so vacant, the Judge filled the vacancy by appointing the defendant to the office, who took the oath and entered on the duties of the office.

The relator demurred, assigning among various causes of demurrer the following as the 5th: That the said answer and pleas, by not denying, admit that the vacancy in said office of commissioner was made and created by the removal of the relator therefrom, by the order of Judge Anthony, dated 2d of October 1841, and entered upon the minutes of the court on the 4th of October 1841, as set forth in the suggestion, and in no other manner whatever.

*Hirst,* and *Johnson* (Attorney-General), for the relator.
*Meredith,* for the respondent.

PER CURIAM.—The ground on which the legality of the respondent's commission is impugned, is that the office was not vacant when he was appointed to fill it; and consequently that his commission is void. But that material fact is conceded by the relator's demurrer to the respondent's first plea, in which the existence of the vacancy is explicitly averred. Had the relator desired to draw into question the legality of his own expulsion from office, on which the question of vacancy depended, he might have done it more directly and less tardily by a mandamus, which would have brought the facts of his case more immediately into view, and have afforded him a remedy which the present proceeding would not. At all events, the legality of the respondent's commission sufficiently appears in the pleadings before us; and he is entitled to judgment in his favour.

Demurrer overruled.