## Appeal of Gilroy et al.

1. Where a bill in equity is filed, praying for a preliminary injunction, a mere general affidavit to the truth of the facts averred in the bill, is insufficient to authorize the issuing of the injunction.

2. A bill in equity praying an injunction, will not lie to determine which of two parties is entitled to the office of school director. There is an adequate, and exclusive, remedy at law in such case by a writ of quo warranto.

February 20th 1882. Before Sharswood, C. J., Mercur, Gordon, Paxson, Sterrett and Green, JJ. Trunkey, J., absent.

Appeal from the Common Pleas of *Lackawanna county:* Of January Term 1882, No. 280.

This was an appeal by Richard Gilroy and others from a decree of the said court, issuing and continuing a preliminary injunction against them.

On August 22d 1881 H. C. Miller and others filed a bill in equity, averring that they were duly elected school directors of the Borough of Archbald, that they had met and organized, had all the books and papers of the board, had levied a school tax,

[Gilroy's Appeal.]

issued a duplicate, placed the same in the hands of a collector, employed teachers and directed the schools to be opened. The bill then further averred, that Richard Gilroy and others had, contrary to law, declared themselves school directors of the said borough and had organized as such, that they had taken possession of the school buildings, levied a school tax and threatened and intended to collect said tax and to keep possession of the school buildings. The bill further averred that plaintiffs were without adequate remedy at law, and prayed for a preliminary injunction to restrain the defendants, their teachers, agents, &c., from exercising the office or performing the duties of school directors of said borough, or from taking or keeping possession of the buildings or property of said district, or from collecting school tax or maintaining public schools, or from obstructing or interfering in any manner with the plaintiffs in the discharge of their duties as school directors of said borough.

Attached to the bill was an affidavit signed by two of the plaintiffs, averring in general terms that the allegations of the bill were true.

The bill, without notice to defendants, was presented to HANDLEY, P. J., who granted a preliminary injunction and also a rule to show cause why the same should not be continued. Upon the hearing of this rule an affidavit of one of the comants was read, denying specifically the allegations of the bill. Several affidavits were also read on behalf of the plaintiffs. The court thereupon made an order continuing the preliminary injunction.

Defendants thereupon took this appeal, assigning for error the granting and continuing of the preliminary injunction.

*S. B. Price* and *W. H. Stanton*, for the appellants.—The court below erred in issuing an injunction without special affidavits setting forth the facts in detail, upon which the complainants relied: Kincaid's Appeal, 16 P. F. Smith 411 ; Stine *v.* Atkins, 1 Leg. Chron. 41. It has been ruled that this objection should be made in the court below. In the present case this was impossible, as the injunction was granted ex parte.

The bill avers that defendants were unlawfully acting as school directors. A quo warranto was, therefore, the proper remedy : High on Injunction, § 798 ; Hagner *v.* Heyberger, 7 W. & S. 108 ; People *v.* Draper, 24 Barb. 269 ; Updegraff *v.* Crans, 11 Wright 105 ; Brown's Appeal, 16 P. F. Smith 155 ; People *v.* Campbell, 2 Cal. 135 ; McGargell *v.* Hazleton Coal Co., 4 W. & S. 424 ; Gregg Township *v.* Jamison, 5 P. F. Smith 468 ; Rex *v.* Corporation of Bedford, 6 East 356.

The bill asserts that all of the acts of the Gilroy board were

illegal, but there are no facts set forth which indicate that they were abusing or misusing the functions of their office. If not, they should not have been enjoined : Hagner *v.* Heyberger, 7 W. & S. 104; Hill *v.* Commissioners, 1 Parsons' Equity 508.

The pleadings in the case and the opinion of the court clearly prove that the contest was one of disputed right. Where the rights of parties are in dispute an injunction will not be granted until the questions respecting those rights are settled : Biddle *v.* Ash, 2 Ashm. 211 ; Rhea *v.* Forsyth, 1 Wright 503 ; Brown's Appeal, 12 P. F. Smith 21 ; Audenried *v.* Phila. R. R. Co., 18 P. F. Smith 370 ; Minnig's Appeal, 1 Norris 373.

*Fred. W. Gunster* (with whom was *L. Amerman*), for the appellees.—The objection to the affidavit is groundless.

The practice is well settled that where no objection is made in the court below, and the defendant answers by affidavit, such objection cannot be made here : Kincaid's Appeal, 16 P. F. Smith 411 ; Scranton Trust Co.'s Appeal, Scranton Law Times 1879, page 287.

The case was a proper one for an injunction : Kerr *v.* Trego, 11 Wright 292 ; Ewing *v.* Thompson, 7 Wright 372 ; Reohi's Appeal, 19 P. F. Smith 462 ; Lutheran Evangelical Church *v.* Gristgau, 34 Wisc. 328.

Mr. Justice GREEN delivered the opinion of the court, March 13th 1882.

This being an appeal from an order continuing a preliminary injunction, we do not pass upon the merits of the case, nor give any extended opinion upon the subject of the controversy. I+ was clearly error to grant the preliminary injunction in this case, for the reason that no affidavits were filed with the bill, setting out and supporting the facts therein stated. A mere general affidavit to the truth of the facts is entirely insufficient. Kincaid's Appeal, 16 P. F. S. 411.

As the writ was issued without notice to the opposite party, no opportunity to object on this ground was afforded. It is unnecessary to consider the effect of the affidavits subsequently filed on the hearing of the motion to continue, for the reason that we are also of opinion that there was an adequate remedy at law by writ of quo warranto. The practical controversy is over the title to the office of school director of the borough of Archbald. The bill alleges the title of the plaintiffs, and denies the title of the defendants, and prays for an injunction to restrain the latter from exercising the office, or performing the duties of school directors of said borough.

In Hagner *v.* Heyberger, 7 W. & S. 104, it was held that an injunction will not be granted to restrain an individual from ex-

ercising the office of school director, who has accepted the office of commissioner of an incorporated district; the question of his right to exercise the duties of the office must be tried by proceedings on a writ of quo warranto, which affords an ample legal remedy.

In Updegraff *v.* Crans, 11 Wr. 103, we held that a bill in equity for an injunction to restrain borough officers from entering upon official duties under an alleged illegal appointment of town council, will not lie, though they had not exercised, or attempted to exercise the duties of their offices: the remedy is at law, by quo warranto, and to be invoked after entry into, or exercise of authority under, their appointment. The learned judge of the court below admits that injunction is not the proper remedy to try the title of the appellees, and regrets that a quo warranto for that purpose was not sued out long since. Nevertheless, he continues an injunction which restrains them from performing the functions of their office. The affidavit of Corcoran, filed on behalf of the defendants, set forth an election of all the members of the Gilroy board by a majority of the votes of the electors of the borough; a subsequent organization of the board and election of officers thereof; continuous subsequent action by them as such board; the levy of a tax, employment of teachers, opening and keeping open the public schools of the borough for a term of nine months, from August 22d 1881; possession of the school buildings and property of the borough with the sanction of a majority of the qualified electors of the borough, and a denial that the plaintiffs or any other persons were legally acting as school directors of said borough. We cannot conceive how the merits of the bill can be determined in the face of such an affidavit, without inquiring into the validity of the title claimed by the defendants to the office in question. But it is perfectly clear that such a question can not be tried in such a proceeding. The statutory remedy is not only adequate, but it is exclusive. 2 Purd. Dig. 1206–1209. The title to this office is in dispute, and, like all other cases of disputed right, is subject to the rule that an injunction will not be granted until the question of right is settled at law. Brown's Appeal, 12 P. F. S. 17; Minnig's Appeal, 1 Norr. 373. The case of Kerr *v.* Trego, 11 Wr. 292, is not applicable to this, either in its facts, or in the principles which controlled it. We give no opinion on the merits of this contest, as that subject may come before us hereafter.

> Decree reversed, and record remitted at the cost of the appellees.