# Caffrey, Appellant, *v.* Caffrey.

*Mandamus—School law—Director—Quo warranto.*

Mandamus will not lie in favor of a person claiming the office of school director, where another person is actually in the office, and is recognized as a director by the other members of the board. In such a case the remedy is by quo warranto in which the rights of the incumbent may be determined.

Argued Jan. 12, 1905. Appeal, No. 66, Jan. T., 1905, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1904, No. 23 1/2 refusing writ of mandamus in case of A. J. Caffrey v. Thomas F. Caffrey et al. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for mandamus.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order refusing writ of mandamus.

*Thomas F. Farrell,* with him *John T. Lenahan* and *T. W. Hart,* for appellant.—A prima facie right to the office was all that it was necessary for the relator to show in order to be entitled to the writ of peremptory mandamus : Com. ex rel. v. Mann, 5 Pa. Dist. Rep. 439 ; Kerr v. Trego, 47 Pa. 292 ; Com. v. Phila. Common Council, 23 Pa. C. C. Rep. 631 ; Com. ex rel. v. Baxter, 35 Pa. 263 ; Com. v. Troxel, 4 Pa. C. C. Rep. 449 ; Ewing v. Thompson, 43 Pa. 372 ; Ewing v. Filley, 43 Pa. 384.

*John McGahren*, with him *Frank T. McCormick* and *John M. Garman*, for appellees.—Quo warranto was the proper remedy: Gilroy's App., 100 Pa. 5; Updegraff v. Crans, 47 Pa. 103; Hagner v. Heyberger, 7 W. & S. 104; Com. ex rel. Heisey v. Risser, 18 Pa. C. C. Rep. 325.

OPINION BY BEAVER, J., April 17, 1905:

The relator claimed to have been elected a school director for the school district of Hanover township in February, 1904 and, as evidence thereof, produced to the school board the certificate of the clerk of the court of quarter sessions which certified that he was one of two receiving the highest number of votes cast for that office at that election. The answer of the respondents shows that the majority of the school board had previously seated Harry Conner as a member of said board, upon the certificate of the return judges of the township, which certificate showed that the said Harry Conner had received the highest number of votes for the office of school director. The relator demurred to the respondents' answer and, upon hearing, the court overruled the demurrer and entered judgment for the defendants.

The statement of the question involved, as presented by the appellants, is by no means satisfactory. It does not contain the real question. The question presented by the petition for mandamus and the answer of the respondents is this: Should a writ of mandamus issue to seat a school director, where the place is filled by another person who is recognized as a director, by the other members of the board?

The answer clearly states that " the defendants rightly recognize Harry Conner as director, because he was the only person who appeared before the board with a certificate from the return judges of the township." It is, therefore, apparent that the office sought by the relator is filled de facto by one whom the respondents claim holds it de jure. The court is, therefore, asked to determine the title to the office and to seat the relator by a writ of peremptory mandamus. If the office were vacant and the relator sought to compel the board of school directors to recognize him as a member of the board, a different question would be presented, but the effort here is, by this writ, to oust the sitting member who has no notice of

the proceeding and to compel the members of the board to recognize and seat the relator.

One phase of this question, from the standpoint of equity, was fairly considered in Hagner v. Heyberger, 7 W. & S. 104, by Mr. Justice Sergeant at nisi prius, in which it was held that "Equity has no jurisdiction with regard to the election or a motion of corporators, nor in case of a public officer de facto of a municipal character." After stating the rule as to private corporations, Mr. Justice Sergeant says: "If this be so as to private corporations, a fortiori would it refuse the injunction in the case of a public officer of a municipal character, when there is a plain legal remedy provided by act of assembly of nearly contemporary date, by means of the writ of quo warranto, which can probe the disease and eradicate it, whilst the most an injunction could do would be to film it over. In addition to this, the difficulty meets us that it would be determining collaterally the right of a person who claims the office by color of title and exercises it de facto, which it has frequently been decided cannot be done. To bring his right to a fair trial you must proceed directly and frame the issue so as to try it; and in the trial of that right by quo warranto the law secures to the defendant the privilege of a trial by jury in relation to contested facts, which would be taken away by the proceeding by injunction."

In Goldsworthy et al. v. Boyle et al., 175 Pa. 246, it was held that a bill in equity will not lie to restrain a person from acting in a public office. The remedy is at law by quo warranto. In that case a bill was filed, praying for an injunction to restrain the incumbent from exercising the duties of the office of school director. See also Gilroy's Appeal, 100 Pa. 5.

Although mandamus is in no sense an equitable remedy, it is nevertheless extraordinary and is to be resorted to, for the most part, when there is no other sufficient remedy. It existed at common law and, as defined by 3 Blackstone, Comm., 110, "It is a high prerogative writ, of a most extensively remedial nature; and may be issued in some cases where the injured party has also another more tedious method of redress, as in the case of admission or restitution of an office; but it issues in all cases where the party hath a right to have anything done and hath no other specific means of compelling its performance."

Our own Act of June 8, 1893, P. L. 345, "Relating to Mandamus," gives to the common pleas courts of the respective counties the power to issue such writs; but, in doing so, whilst the jurisdiction of the courts was much extended, the scope of the action was not essentially altered.

In Comth. ex rel. v. Philadelphia, 176 Pa. 588, in which it was decided that the court of common pleas should have issued a mandamus to compel the city controller to sign a warrant for the payment of money under a municipal contract, the present Chief Justice, after reciting the facts and considering the answer of the controller, which was regarded as insufficient, says: "It follows that the mandamus should have been issued. In so deciding, however, it is not intended to enlarge the operation of that writ as a remedy either at common law or under the Act of June 8, 1893, P. L. 345. This act was not meant, nor is it to be construed, to substitute mandamus for the writ of summons and the ordinary proceedings and trial. Our judgment does not countenance any such view but is only in the usual and regular course of the law where all the facts are admitted upon the record and only the result is to be pronounced." It may be said to remain in this country an extraordinary remedy at law in the same sense that injunction is an extraordinary remedy in equity. High Extr. Leg. Rem. sec. 5.

In 2 Bouvier, Rawle's Edition, 300, under the title "Mandamus," in what may be called an admirably condensed treatise on the subject, it is said: "It is the common remedy for restoring persons to corporate offices of which they are unjustly deprived: Beach, Pub. Corp. secs. 194, 1587; 41 Kan. 122; the title to the office having been before determined by proceeding by quo warranto; but it will not lie to try the title to an office of which there is a de facto incumbent: 52 Ala. 87; 1 Burr. 402; 1 Ld. Raym. 426; 2 Head, 650; 54 Me. 95; 17 Or. 640; see 83 Wis. 416; 49 Neb. 755; 58 N. J. L. 541; unless quo warranto does not lie: 3 Johns. Cas. 79; but see 20 Barb. 302; 9 Md. 83; 15 Ill. 492. And see the cases fully reviewed in Redf. Railw., sec. 159."

Applying these principles to the case in hand, we are of opinion that the relator did not present to the court such a case as entitled him to a writ of peremptory mandamus as of right. He asked, taking the petition and answer together, to

be seated in an office already filled, without notice to the occupant of the office, by the directors of the school board, who had already acted and had seated the present occupant in accordance with what they claimed to be the law. Under these circumstances, we cannot see that the court did not exercise a wise discretion in refusing the writ.

The principles here involved are somewhat analogous, although in that case the attempt was to seat a teacher, to our own case of Comth. ex rel. Heisey v. Risser et. al., 3 Pa. Superior Ct. 196, in which a mandamus to compel the school directors of South Londonderry township to seat a teacher, claiming to have been legally appointed, was refused by the court below. President Judge RICE, delivering the opinion, said : " The position of a teacher in the public school is not an office, and for the breach of a valid contract employing him there is a remedy by action. But even if it be conceded that it differs from an ordinary contract of employment, so that mandamus would lie in a clear case to admit him to the place to which he was appointed, another very serious question arises where the place is already filled. If this were the only difficulty in the relator's way, we should hesitate to say that the court did not exercise a wise discretion in refusing the writ. A proper regard for the rights of the incumbent, who was not before the court, as well as for the efficiency and welfare of the school in question would seem to dictate the course pursued by the court below."

It is to be understood, of course, that we do not now determine whether the result of the election for school directors is to be determined by the certificate of the return judges, as provided by the Act of April 2, 1860, P. L. 609, or that of the clerk of the court of quarter sessions, as provided by the Act of January 30, 1874, P. L. 31, as amended by the Act of February 13, 1874, P. L. 44.

For the reasons herein stated, we think the writ of mandamus was properly refused and the decree is affirmed at the costs of the appellant.