## McGarrity, Appellant, *v.* McQuail.

*Boroughs—School districts—Tax collectors—Bond to school district—Act of May 18, 1911, P. L. 309.*

Under the Act of May 18, 1911, P. L. 309, it is the duty of a borough tax collector to tender a special bond to the school district before receiving his tax duplicate and warrant to collect school taxes; if he fails to tender such bond the board of school directors may appoint a tax collector for the school district, who may proceed to perform the duties of his office and will not be restrained from doing so at the suit of the borough collector who has made default by his failure to tender a bond.

Argued Feb. 18, 1913. Appeal, No. 12, Jan. T., 1913, by plaintiff, from decree of C. P. Schuylkill Co., In Equity, Nov. T., 1912, No. 7, dismissing bill in case of James J. McGarrity v. John McQuail and Andrew Ruscko, Patrick Connelly, Felix Sharpe, John Norris and James Leary, School Directors of the School District of the Borough of New Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain defendant from acting as tax collector of a school district. Before KOCH, J.

The opinion of the Supreme Court states the case.

The court made a decree dismissing the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*J. M. Fertig* and *Arthur L. Shay,* for appellant.

*C. A. Whitehouse* and *James J. Moran,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, March 31, 1913:

In February, 1909, James McGarrity was elected col-

lector of taxes in the Borough of New Philadelphia (a school district of the third class in Schuylkill County), for the term of three years; which term by virtue of the amendments to the Constitution was extended to the first Monday of January, 1914. On or about July 5, 1912, the school board of the district in question elected John McQuail collector of school taxes. On October 1, 1912, McGarrity filed a bill in equity against McQuail and the members of the school board averring the foregoing facts; further, that he had assumed the duties of his office; and that the defendant school directors had levied and assessed the school taxes for the year 1912, but had refused to deliver the duplicate to him and had delivered it to McQuail. He prayed for an injunction to restrain McQuail from collecting the taxes and for an order on him to return the duplicate to the school board, and that they in turn be directed to deliver the same to the complainant "together with the proper warrant authorizing him to collect said taxes according to law." A preliminary hearing was held which by agreement was treated as final. The court below dismissed the bill and the plaintiff has appealed.

After considering the various assignments we are not convinced that error was committed in the final decree complained of. The Act of May 18, 1911, P. L. 309, popularly known as "The School Code," by section 550, provides that "Every person appointed or elected collector of school taxes in any school district of the second, third or fourth class......, in addition to any bonds that he may now be required by law to give, before receiving his tax duplicate and warrant to collect said school taxes, shall furnish to the school district a proper bond," etc.; and section 547 provides, "The board of school directors in each school district of the second, third or fourth class......where any tax collector elected refuses to qualify or furnish a bond as herein provided, shall annually......appoint one or more suitable persons as tax collectors in said school dis-

tricts." The complainant was in default in not furnish-
ing the bond required by the school code, and the de·
fendant school directors were justified in electing a col-
lector to gather the school taxes.

It is not necessary to adopt all the findings and con-
clusions of the court below or to pass specifically upon
each of the assignments of error; for the evidence shows
that the only bond tendered by McGarrity was one to
the Commonwealth of Pennsylvania filed with the clerk
of the Quarter Sessions as required by Section 3 of the
Act of June 25, 1885, P. L. 187; he never furnished or
offered to furnish a bond to the school district "in addi-
tion" thereto as required by section 550 of the school
code. Under such circumstances the school board did
not create a vacancy but the appellant in effect removed
himself, and the school board were authorized and re-
quired by the Act of 1911, to appoint some one else to
collect the school taxes. We recognized this power in
the recent case of Black v. Duquesne Boro. School Dis-
trict, 239 Pa. 96, where speaking by our Brother ELKIN
we said, "If a tax collector has not been elected, or if
when elected he refuses to qualify, or to furnish a bond
. . . . . ., then and in those events the board is given the
power of appointment." In the case at bar, as in the
Black case, no question of jurisdiction was raised in the
court below or here.

The decree is affirmed at the cost of the appellant.