## Commonwealth ex rel. Hinkle v. Schaffer.

School law—Collector of school taxes—Refusal to qualify—Compensation.

1. School directors of a school district have the right to fix a reasonable compensation for the collector of school taxes.

2. If the duly elected tax collector of a borough refuses to accept the commissions fixed by the directors and fails to qualify or furnish the bond within the time limited by law, the directors may elect a suitable person to collect the school tax for the current year.

Quo warranto.  C. P. Northampton Co., July T., 1924, No. 38.

Herbert F. Laub, for relator; Asher Seip, for defendant.

Stewart, P. J.—The following is a summary of the facts:

J. Milton Hinkle, on Nov. 8, 1921, was duly elected collector of taxes of the Borough of Stockertown for the term of four years, and on April 7, 1924, his bond as such was approved by the Court of Quarter Sessions of said county, and on last mentioned day he took the oath of office.

That since Nov. 8, 1921, the relator has collected the taxes of said borough.

At a regular meeting of the directors of the school district of said borough, held May 6, 1924, the following action was taken: "It was, on motion of Barlieb and Fuls, to give a compensation of one and one-half per cent. for collecting the 1924-1925 school taxes, same to be offered in writing to J. Milton Hin-

kle, Borough Tax Collector, he to have the right of accepting or rejecting the same on or before May 16, 1924, and if J. Milton Hinkle accepts same within the specified time, he to furnish bond satisfactory to the Board. Carried on the following vote: Yea, Barlieb, Bowers, Kocher and Fuls. Nays, none."

On May 7, 1924, the school district sent the relator the following letter:

"J. Milton Hinkle, Stockertown, Pa.:

"Dear Sir: At a regular meeting of the School District of Stockertown Borough held last evening, the Board passed the following motion: 'That the Board give a compensation of one and one-half per cent. for collecting of 1924-1925 school taxes. Same to be offered to J. Milton Hinkle, Borough Tax Collector. He to have the right of accepting or rejecting the same on or before May 16, 1924, and if Mr. Hinkle accepts same within the specified time, he to furnish bond satisfactory to the School Board.' Therefore, will you kindly let us know at your earliest convenience if you will accept collecting the taxes on the Board's terms.

"Yours truly,

"SCHOOL DISTRICT OF STOCKERTOWN BOROUGH."

On May 15, 1924, the relator sent the school board the following letter:

"Mr. E. D. Bercaw, Secretary, School District of Stockertown Boro, Pa.:

"Gentlemen: In reply to yours of the 7th inst., In re: compensation set at the rate of one and one-half per cent. for the collection of 1924-1925 school taxes. I hereby reject the offer of one and one-half per cent. for the collection of same, but will collect same at the rate of three per cent.

"Awaiting your early reply so that I may proceed to secure bond in order to produce same at the proper time.

"Respectfully,

"(Sig.)     J. MILTON HINKLE."

On May 19, 1924, the school board adopted the following resolution: "It was, on motion of Fuls and Barlieb, to have the secretary advertise for bids for collecting of the 1924-1925 school taxes by inserting the same three times in each the Nazareth Item and the Easton Express, all bids to be in the hands of the secretary not later than 6 P. M. June 2, 1924, the Board reserving the right to reject any or all bids. Motion was carried on the following vote: Yeas, Kocher, Barlieb, Bowers and Fuls. Nay, none."

On June 3, 1924, bids were opened and one bid was received, and on motion it was resolved: "On motion of Barlieb and Kocher, Clarence Schaffer be appointed collector of the 1924-1925 school taxes at a compensation of sixty dollars, providing he furnish the necessary bond by June 16th, was carried on the following vote: Yeas, Fuls, Kocher, Barlieb and Bowers. Nay, none."

The said Clarence Schaffer, the respondent, thereupon gave bond for $4500 and qualified, and acted as collector of school taxes for the past year. The amount of taxes on his duplicate was $4161.44.

The school board never fixed the amount of the bond which the relator was to give or notified him, except as contained in the minute of May 6th above.

The relator never, at any time, furnished or offered to furnish to the school district a proper bond with sureties, conditioned for the faithful performance of his duties as tax collector.

## Discussion.

In Com. ex rel. v. Duquesne School District, 256 Pa. 50, the syllabus is: "It is the settled policy of the law to have school, borough, township and other local taxes collected by a single tax collector elected by the people of the local

districts; and the power to fill a vacancy in any such office is vested in the Courts of Quarter Sessions by the Act of June 25, 1885, P. L. 187; the provision of section 547 of the School Code of May 18, 1911, P. L. 309, 342, conferring like authority upon the school board, is merely supplementary to the Act of 1885, the appointment by the school board being in any event temporary for the current year only." That case is but a further declaration of what had been decided in a number of prior decisions, but it points out that an appointment under section 547 of the School Code is not to be considered as a resignation by the borough tax collector, but only temporary for the current year. In some of the cases decided by the lower courts, there seems to be a confusion between a resignation and a temporary appointment. The above case makes the difference plain. The relator in this case was the duly elected tax collector, and presumptively he ought to collect the school taxes, but section 554 of the School Code provides as follows: "In all school districts of the second, third and fourth class, all school tax collectors shall be paid such commissions or compensation as may be determined by the boards of school directors. . . ." The school directors of this borough had a right to fix the compensation as they did, and it could only be questioned when it was shown that they had acted unreasonably: Mason v. Hanover Township School District, 242 Pa. 359. No such contention is made in this case. In fact, the board acted wisely in advertising as it did, and the bid which it received was a reasonable one. The board then notified the relator of its action and offered the collection to the relator at a compensation of 1½ per cent. and gave him ten days to make up his mind, and told him that if he accepted he was to furnish bond. The relator then wrote his reply, in which he refused the offer and made a counter-offer of 3 per cent., and then said: "Awaiting your early reply so that I may proceed to secure bond in order to produce same at the proper time," &c. That seems to be the end of the matter between the board and the relator. It fixed the compensation and he refused to accept it. The learned counsel for the relator now contends that the amount of the bond of the tax collector must be first fixed by the board of school directors, and that notice thereof must be given to the regular tax collector before the board can act, under section 547 of the School Code. That section is as follows: "The board of school directors in each school district of the second, third or fourth class in this Commonwealth, where a tax collector is not elected to collect school taxes, or where there is a vacancy, or where any tax collector elected refuses to qualify or furnish a bond as herein provided, shall, annually, on or before the first day of June in each year, appoint one or more suitable persons as tax collectors in said school district. . . ." A number of cases are cited as sustaining his position, but we do not so read them. The first is McGarrity v. McQuail, 240 Pa. 232. The syllabus of that case is: "Under the Act of May 18, 1911, P. L. 309, it is the duty of a borough tax collector to tender a special bond to the school district before receiving his tax duplicate and warrant to collect school taxes; if he fails to tender such bond, the board of school directors may appoint a tax collector for the school district, who may proceed to perform the duties of his office and will not be restrained from doing so at the suit of the borough collector who has made default by his failure to tender a bond." In that case the complainant never furnished a bond to the school board, nor did he tender one. He was in default just the same as the relator here is in default. Mr. Justice Moschzisker said, on page 234: "The complainant was in default in not furnishing the bond required by the School Code, and the defendant school directors were justified in electing a collector to gather the school taxes." Again, he said: "Under such circum-

stances the school board did not create a vacancy, but the appellant in effect removed himself, and the school board were authorized and required by the Act of 1911 to appoint some one else to collect the school taxes." Black v. Duquesne Borough School District, 239 Pa. 96, is referred to in above case. In the latter opinion, Mr. Justice Elkin said, referring to section 547, as follows: "The most cursory examination of this section shows that the authority of a board of school directors to appoint a tax collector is limited to the contingencies named in the act. If a tax collector has not been elected, or if, when elected, he refuses to qualify or to furnish a bond, or if for any proper reason there is a vacancy, then and in those events the board is given the power of appointment. Nothing of this kind appears in the present case. A tax collector was elected, qualified and offered to furnish a proper bond. He was not only willing to serve, but refused to be ousted. There was no vacancy to be filled by appointment." The other cases cited do not sustain the petition. Com. v. Burgettstown Borough School District, 13 Pa. Justices' Law Repr. 85, and Jones v. Taylor Borough School District, 15 Lacka. Jurist, 116, were cases where, as the judge said in the former case, each party was standing on their dignity as to the execution and delivery of the bond, but in both of the cases the regular elected tax collector was willing to serve. The other case cited, Rowley v. Greenville Borough School District, 40 Pa. C. C. Reps. 140, is not in point, because there the tax collector tendered his bond in time, having learned of the amount of the duplicate, and presumably was willing to accept the compensation. On page 153, Judge Williams puts the present case. He said: "Having the power to determine the compensation or commissions to be paid and having exercised said power by a proper resolution, said board of directors could have notified the petitioner that his compensation had been fixed at a certain rate and requested him to file his bond in the proper form and of the required amount within fifteen days, as required by the act of assembly; then, if he had refused to do so, the board of school directors could have appointed another suitable person as tax collector in his place and stead, as provided by said act of assembly." The last case cited, Com. v. Chambersburg School District et al., 30 Dist. R. 776, is peculiar in its facts. They appear in the syllabus. It appears that the borough tax collector first refused to accept the reduced compensation. The board treated his letter as a resignation. Within the time limit he furnished his bond and demanded his duplicate. The facts are not at all like the present case. Section 550 of the School Code provides: "Every person appointed or elected collector of school taxes in any school district of the second, third or fourth class in this Commonwealth, in addition to any bonds that he may now be required by law to give, and before receiving his tax duplicate and warrant to collect said school taxes, shall furnish to the school district a proper bond, in an amount to be fixed by the board of school directors, with such surety or sureties as it may approve, conditioned upon the faithful performance of his duties as such tax collector. In case any person elected or appointed tax collector shall fail to furnish a proper bond within fifteen days after his appointment or notice so to do, then, in any such case, the board of school directors shall appoint another suitable person as collector of the school taxes in said district in his place and stead, who, upon giving the proper bond required by the provisions of this act, shall be the duly authorized person to collect the school taxes in said district for the ensuing school year." In the present case it was just as much the relator's duty to be interested in the matter of the bond as it was the duty of the school board to fix it. The right to fix the compensation is more important than the delivery of the duplicate, because the school board cannot demand that the borough tax collector shall collect its taxes. He has

a right to collect them if he is willing to accept the compensation offered, and when he refuses to qualify as tax collector by refusing the compensation, what would be gained by informing him of the amount of the bond required? It would be foolish and unnecessary to make any such demand or to give him any such notice. This case is the exact instance referred to by Judge Williams above, and judgment must be entered for the defendant. It is unnecessary, in view of our decision, to discuss the question raised by the respondent that *quo warranto* will not lie.

And now, July 6, 1925, the court's findings of fact and law are filed herewith and made a part of the record in above case. Notice of these findings shall be given forthwith by the prothonotary to the parties or their attorneys of record, and if no exceptions are filed thereto in the prothonotary's office within thirty days after service of said notice, judgment shall be entered by the prothonotary in favor of the defendant and against the relator without further order of the court.

From Henry D. Maxwell, Easton, Pa.