Commonwealth ex rel. Davis *v.* Blume, Appellant.

Argued March 16, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, MAXEY, DREW and LINN, JJ.

*Thomas W. Neely, Jr.,* with him *Thomas W. Neely,*
for appellant.—The relator having admitted his failure
to qualify for the collection of school taxes, the demur-
rer should have been overruled and judgment given for
the respondent: Com. v. Primrose, 2 W. & S. 407.

The questions raised by the relator's pleadings should have been raised by a writ of mandamus and not quo warranto: Com. ex rel. v. Davis, 11 Pa. D. & C. 321.

The relator has no such interest in the office of collector of school taxes for 1931 as to entitle him to quo warranto: Com. v. Filer, 30 Pitts. L. J. 286; Com. v. Cluley, 56 Pa. 270; Com. v. Bandi, 77 Pitts L. J. 668.

A vacancy did not exist in the office of collector of school taxes for 1931 such as to justify the appointment of the respondent by the school board: Black v. School Dist., 239 Pa. 96; McGarrity v. McQuail, 240 Pa. 232.

*Myron E. Rowley,* of *Craig & Rowley,* with him *Robert E. McCreary,* for appellee.—The relator did not admit his failure to qualify in any manner for the collection of school taxes by demurring to the answer: Com. v. Commissioners, 37 Pa. 277; Truitt v. Phila., 221 Pa. 331; Com. v. Primrose, 2 W. & S. 407.

Quo warranto and not mandamus was the proper remedy: Oil City Nat. Bank v. McCalmont, 303 Pa. 306, 312; Gilroy's App., 100 Pa. 5; Caffrey v. Caffrey, 28 Pa. Superior Ct. 22; Cella v. Davidson, 304 Pa. 389; Com. v. Gibbons, 196 Pa. 97.

The relator has such an interest in the office of collector of school taxes as entitled him to this writ of quo warranto.

No vacancy existed in the office of collector of school taxes in the year 1931 such as to justify the appointment of the respondent by the school board: Com. v. Boro., 73 Pitts. L. J. 17; Gafney v. Kear, 8 Pa. Schuylkill Co. 342; McGarrity v. McQuail, 240 Pa. 232.

OPINION BY MR. JUSTICE MAXEY, April 27, 1932:

In this proceeding, the relator, George M. Davis, filed an information and affidavit for quo warranto, alleging that on November 24, 1930, the duly elected tax collector of the Borough of Leetsdale, County of Allegheny, having resigned, the Borough Council appointed the relator

tax collector for the unexpired term; that he took the prescribed oath of office, filed the same in the Court of Quarter Sessions of Allegheny County, and gave bond to the Commonwealth, approved by the court of quarter sessions and filed in the office of its clerk; that he entered upon and has been performing the duties of tax collector in the borough; that the members of the school board of Leetsdale Borough were notified and were well acquainted with the fact of his appointment; that ever since his appointment he has been and is still ready and willing to furnish the school district with proper bond in an amount to be fixed by the school board with surety agreeable to it, but that the school board has failed to fix the amount of the bond and to notify relator to furnish it; that in May, 1931, the school board wrongfully appointed Ervin J. Blume, as collector of school taxes, without giving notice to Davis, and delivered the tax duplicate to the former, who is now unlawfully exercising the office of collector of school taxes for the borough.

Defendant's answer admitted some of the allegations in the information and affidavit and others it denied, setting forth new facts. It admitted that Davis duly qualified as collector of taxes for the Borough of Leetsdale, but denied "that the bond had anything whatsoever to do with his qualifying as collector of school taxes for the school district of the Borough of Leetsdale." The answer denied that the school board "received legal notice" of the appointment of Davis and "that the said George M. Davis qualified as tax collector for the school district of the Borough of Leetsdale at any time within the provisions of section 550 of the School Code." It averred that Davis failed to tender his bond to the school board within fifteen days after his appointment or at any time before defendant was appointed in his place, and that Davis was obligated to qualify as tax collector without notice, and denied any obligation on the part of the school board to notify Davis to furnish bond. The

answer further denies that the appointment of Davis by the borough council constituted him the lawful tax collector for the school district and avers that by reason of Davis's failure to qualify according to the provisions of section 550 of the School Code a vacancy occurred in the office of collector of school taxes and "that the appointment of Ervin J. Blume......as collector of school taxes......was legally made......by reason of the said George M. Davis having failed to qualify.".

To this answer, the substance of which is given above, the relator demurred, and upon a careful adjudication by the lower court the demurrer was sustained and a judgment of ouster was entered against defendant, whence this appeal was taken. The propositions on which appellant relies are these:

(1) That since the demurrer must be taken as admitting the truth of the allegations contained in the answer, it must be taken to admit that relator George M. Davis failed to qualify as tax collector for the school district; hence relator's case falls to the ground and the demurrer should have been overruled.

(2) That under the pleadings as they stand, the proper remedy was mandamus and not quo warranto, and relator has no such interest in the office at stake as entitles him to a writ of quo warranto.

(3) That the relator having failed to furnish the necessary bond, the school board could appoint a collector of school taxes without having fixed the amount of the bond to be given by relator as the appointee of the borough council, and without giving him any notice to file the same.

To appellant's first contention, it is pertinent to reply that the only allegations in the answer whose admission by the demurrer would favor defendant are statements of legal conclusions, deduced by defendant from relator's information and his own answer. Thus defendant, while admitting that relator duly qualified as collector of borough taxes by giving bond, denies that this qualified him

to collect the school taxes, or that he qualified at any time for that purpose; it avers that Davis ought to qualify to collect school taxes without notice from the school board, that the school board is under no obligation to notify him to furnish bond; and further denies that his appointment by borough council constituted him collector of school taxes, hence, by reason of his failure to qualify, a vacancy occurred, and the appointment of defendant was legally made. All these allegations, however, are argumentative of the points at issue. Whether Davis's qualifying as borough tax collector was sufficient in law to entitle him to collect the school taxes, whether he was entitled to notice from the school board and whether a vacancy occurred are the questions of law now before us. A demurrer admits only material allegations of fact well pleaded, and not statements of legal conclusions or inferences from the facts: Com. ex rel. Armstrong v. Comrs. of Allegheny Co., 37 Pa. 277, 280; Truitt v. Phila., 221 Pa. 331, 341; Pfeil's Est., 287 Pa. 21, 23. The only material facts alleged in the answer which the demurrer admitted were these: that the school board received no "legal notice" of the appointment of Davis, and that Davis failed within fifteen days of his appointment and up to the present time to tender his bond to the school directors. And now to be determined are the questions whether, on the relator's affidavit and these additional facts contained in the answer, he has made out a case entitling him to the judgment of ouster.

Appellant's position, that mandamus was the proper remedy and not quo warranto, is apparently assumed for the first time in this court and was never urged in the court below. This circumstance in itself might be considered a fatal objection to that contention (Oil City Natl. Bank v. McCalmont, 303 Pa. 306, 312, and cases cited) under the general rule that failure to raise an issue in the trial court precludes consideration of the question on appeal. How far this principle applies to a proceeding in quo warranto determined solely on the

pleadings, however, is extremely doubtful (see 51 C. J. 363), so much so as to render desirable an examination of the merits of the situation.

Relator is attempting to secure the ouster of defendant from the office of which, appellee says, the latter is now the de facto incumbent, with a view thereafter, if he is successful in this proceeding, of securing his own reinstatement. The remedy directed to this end is plainly the one employed, quo warranto, in order to determine the validity of defendant's claim to be entitled to collect the borough taxes. The statutory authorization for the writ, under the Act of June 14, 1836, P. L. 621, section 2 (12 Purdon Statutes, section 2022), directs the issuance of the writ by the court of common pleas: "I. In case any person shall usurp, intrude into, or unlawfully hold or exercise any county or township office within the respective county." The only way to try title to a public office is by quo warranto and this is the exclusive remedy: Cella v. Davidson, 304 Pa. 389, 394; Hutchinson v. Goshorn, 256 Pa. 69; Gilroy's App., 100 Pa. 5; 22 R. C. L. 664. As to the distinction between mandamus and quo warranto in this respect, see 22 R. C. L. 681. High on Extraordinary Legal Remedies has the following to say on the Pennsylvania writ, section 614: "In Pennsylvania, most of the substantial features of the ancient writ of quo warranto are preserved by statute, as a remedy for the usurpation of public offices, filled by appointment of the executive, or by election of the people, and the statutory remedy thus afforded, is held by the courts of that state to be, in all save form, the same as the writ of quo warranto at common law."

It is true that where the appropriate remedy is by mandamus, a writ of quo warranto will not be entertained; thus High, id., section 645, cites a case in Ohio, State v. Lewis, 10 Ohio St. 128, where, when county commissioners, whose duty it was to accept and approve a duly elected sheriff's bond, refused to do so, it was held that the proper remedy was by mandamus to compel the

commissioners to perform their duty, and not by quo warranto proceedings against the incumbent of the office. The distinction is clearly brought out in a number of Pennsylvania cases. Thus Com. ex rel. Leslie v. County Comrs., 5 Rawle 75, was a rule for the issuance of a mandamus to compel the recognition of relators as county assessors. In discharging the rule this court said, at page 76: "For the relator to succeed in this application, it must clearly appear that the assessors de facto, were not duly elected; for if it were a doubtful election, a mandamus ought not to be granted...... But still the objection remains, that when there is any doubt of the validity of the election, the court will not interfere by mandamus but will put the party in the first instance to an information in nature of a quo warranto. Before a mandamus would be granted against the commissioners, we should require that there should be a judgment of ouster against those who were actually performing the duties of the office. And this would be a sufficient answer to the rule; for here it is plain that the election or appointment of the officers de facto, is not apparently such a one as is merely colorable and void."

The syllabus in the case of Caffrey v. Caffrey, 28 Pa. Superior Ct. 22, is as follows: "Mandamus will not lie in favor of a person claiming the office of school director, where another person is actually in the office, and is recognized as a director by the other members of the board. In such a case the remedy is by quo warranto in which the rights of the incumbent may be determined."

And in Com. ex rel. v. James, 214 Pa. 319, it was held that the proper method of determining relator's right to the office of borough councilman, even though the wrongful incumbent resigned the office before the petition was filed, is by quo warranto and not by mandamus. As said in Hutchinson v. Goshorn, supra, 256 Pa. at page 72: "It is true that for failure to perform a duty enjoined mandamus will generaly lie. It is likewise true that the only way to try the title to an office is by proceedings in

quo warranto." Justice MOSCHZISKER thus summed up the law relating to quo warranto in Com. ex rel. v. Pfromm, 255 Pa. 485, 491: "We may summarize the controlling rules of law and our conclusions in the case at bar thus: When it is suggested that one is usurping a public office, the Quo Warranto Act of 1836, supra, makes provision for two distinct proceedings, the first in the interest of the public, and the second to protect any private individual who may have a special grievance. If one, without authority of law, holds a public office, and thereby keeps out of it another who is entitled thereto, he not only commits a public, but also a private, wrong, and the individual aggrieved may have a writ in the name of the Commonwealth to secure his rights; but where a public wrong alone is to be redressed, that is to say, where the only question to determine is whether the person in possession of the office is holding it without authority of law, either the attorney general or the district attorney is the proper relator. Here there was no private grievance to be redressed against the appellant; hence, the public prosecutor alone was the proper relator (Gilroy et al. v. Com. ex rel. District Attorney, 105 Pa. 484), and error was committed in attempting, under the Act of 1836, supra, to force Mr. Pfromm upon the record at the complaint of one who laid no claim to the office occupied by him."

Appellant strongly relies on the case of Com. v. Gibbons, 196 Pa. 97, to substantiate his contention that in the present case the proper remedy is by mandamus. That was a case of mandamus to compel a school board to recognize relator as a member of the board after the school board, following relator's alleged absence from two successive meetings of the board, had without legal warrant vacated his seat. On the question of remedy, Mr. Justice MITCHELL said, at page 101: "It is very earnestly argued by appellants that mandamus will not lie and that the only remedy is by quo warranto against the person elected to fill the supposed vacancy. It would be

sufficient answer to cite the precedent of Zulich v. Bowman [42 Pa. 83], supra, but the remedy is clear on principle. There is no contest as to the relator's original title to his seat under a valid election, but only as to the legality of his ouster. If this was not valid, he never has been ousted at all, and mandamus is the proper remedy to prevent his further unlawful exclusion. We have nothing to do with the title of his alleged successor who was apparently elected by the board to fill a vacancy that did not exist. This cannot affect the relator. He was admittedly elected to the office, has never been out of it in contemplation of law, and the mandamus simply compels the respondents to recognize his established right."

But in the case at bar, relator has never been officially recognized as collector of school taxes and has never been afforded the opportunity of qualifying himself as such. There is a contest as to his original title to the office under a valid appointment by the borough council, and the question is of broader scope than merely the legality of his ouster. This case is distinguishable from the case of Com. v. Primrose, 2 W. & S. 407, in which the dictum of the court was that, where the relator wishes to contest the legality of his own expulsion from office, he should proceed by way of mandamus.

Appellant advances the contention that the relator had no such interest in the office of collector of school taxes as to entitle him to maintain the writ. The determination of this question requires an examination of the statutes relating to the election and appointment of tax collectors for boroughs and school districts, and the acts necessary to qualify for such office. The Act of June 25, 1885, P. L. 187, regulating the collection of taxes in boroughs and townships, provided in section 2 for appointment by the court of quarter sessions to fill vacancies which might occur in the office of tax collector. Section 3 of the act provided for the giving of sufficient bond in order to qualify for the office, in double the probable

amount of taxes which might be collected, to be approved by the court of quarter sessions. This section was amended by the Act of May 8, 1909, P. L. 474, reducing the amount of the bond required to not more than the amount of taxes charged and assessed in the duplicates. Section 2 of the Act of 1885 was supplemented by the Act of 1895, P. L. 434, and both were repealed by the Act of 1917, P. L. 221, which vested the power to fill vacancies in the county commissioners. Again the Act of 1917, so far as it relates to boroughs, was itself repealed by the Act of May 8, 1923, P. L. 171, whereby the power of filling vacancies in the office of tax collector in boroughs was vested in the borough council, and as such was incorporated in the General Borough Act of May 4, 1927, P. L. 519, article IX, section 901 (53 Purdon Statutes, section 12871), as follows: "If any vacancy shall occur in the office of burgess, member of council, auditor, controller, high constable, or tax collector, by death, resignation, removal from the borough, or from a ward in the case of a ward office, or by failure or neglect to give bond as provided by law, or in any other manner whatsoever, the borough council shall fill such vacancy by appointing, by resolution, a qualified resident of the borough to such office for the unexpired term of the office."

The powers and duties of tax collector are thus prescribed in article X, section 1080 (53 Purdon Statutes, section 13081) of the Borough Code of 1927: "The tax collector shall be the collector of all State, county, borough, school, poor, and other taxes, levied within the borough by the authorities empowered to levy taxes. He shall, in addition to the powers, authority, duties, and responsibilities provided for by this act, have all the powers, perform all the duties, and be subject to all the obligations and responsibilities, for the collection of such taxes, as are now vested in, conferred upon, or imposed upon tax collectors for county purposes."

The bond required to be filed and approved is the same as formerly under the Act of May 8, 1909, P. L. 474, supra, substantially reënacted in section 1081 of the Borough Code (53 Purdon Statutes, section 13082), with the express reservation that "this bond does not cover the collection and payment over of school taxes, for which purpose a separate bond is required by the school laws of the Commonwealth." The Borough Code of 1927 expressly repealed the Act of 1909, supra, so far as it related to borough taxes, and so far as it related to township taxes it had already been repealed by the Township Act of July 18, 1917, P. L. 840.

The School Code of May 18, 1911, P. L. 309, article V, section 547, (24 Purdon Statutes, section 600) authorizes a board of school directors in the 2d, 3d and 4th class districts in case of vacancy in the office of tax collector or of his refusal to qualify or furnish bond, to make an annual appointment of a collector of school taxes. This power is, however, merely supplementary to the similar power conferred under the Act of 1885 on the court of quarter sessions and now vested in the borough council. This court said in Com. ex rel. v. Duquesne Boro. School Dist., 256 Pa. 50: "It is the settled policy of the law to have school, borough, township and other local taxes collected by a single tax collector elected by the people of the local districts."

In Black v. Duquesne Boro. School Dist., 239 Pa. 96, this court said: "It has been the declared statutory policy of the law for more than a quarter of a century that school, borough, township and other local taxes shall be collected by a single tax collector elected by the people of the local districts, and if it be the intention of the legislature to change this policy by substituting collectors to be appointed for the collection of school taxes, it is not too much to require that it shall be done by language so plain as to leave no doubt about its meaning."

And in Stone v. School District of Carbondale, 102 Pa. Superior Ct. 60, at page 65, that court held: "A tax col-

lector elected by the people, as in this case, does not derive his authority to collect taxes from the school board but from his election and from the provisions of the present School Code which direct that he shall collect school taxes." This case was recently affirmed by this court in 306 Pa. 541.

Section 550 of the School Code (24 Purdon Statutes, section 602) declares that "Every person appointed or elected collector of school taxes in any school district of the second, third and fourth class......in addition to any bonds that he may now be required by law to give, and before receiving his tax duplicate and warrant to collect said school taxes, shall furnish to the school district a proper bond, in an amount to be fixed by the board of school directors, with such surety or sureties as it may approve, conditioned upon the faithful performance of his duties as such tax collector. In case any person elected or appointed tax collector shall fail to furnish a proper bond within fifteen days after his appointment, or notice so to do, then, in any such case, the board of school directors shall appoint another suitable person as collector of the school taxes in said district, in his place and stead......" The necessity of giving bond under this provision in the School Code is obviously that to which reference is made in section 1081 of the Borough Code of 1927, quoted supra.

Upon the resignation of the elected official, authority resided in the borough council to appoint his successor. They appointed relator to fill the vacancy, and he duly qualified to collect the borough taxes by filing his bond approved by the court of quarter sessions, under section 1081 of the Borough Code. He was not required to file another bond, which should include school taxes, as appellant urges, under section 3 of the Act of 1885, for that has been superseded and is no longer in force. The only other bond necessary to qualify him to collect the school taxes is that required by section 550 of the School Code. In contrast to the bond required by section 1081

of the Borough Code, that required for school taxes is "in an amount to be fixed by the board of school directors." Hence before such bond could be filed it was necessary for the school board to fix the proper amount, and due notice should have been given the appointee of the borough council of the amount of the bond required before he was under any duty to file one. There is nothing in the act requiring the duly appointed borough tax collector to notify the school board of his appointment. Relator alleged in his information and affidavit that the members of the school board received individual notice of and were well acquainted with the fact of his appointment; the answer denies merely that the board received "legal notice" of this fact. What defendant meant by that does not appear. Section 550 of the School Code specifies that the school directors shall have power to designate a special collector of school taxes only in case the regularly elected or appointed tax collector "shall fail to furnish a proper bond within fifteen days after his appointment, or notice so to do." If a patent ambiguity is present in this language, it must be resolved in favor of the construction that notice to furnish bond in the amount fixed, followed by the appointee's failure to furnish bond within fifteen days, is a prerequisite to the occurrence of a vacancy which the school board is empowered to fill by appointment. No notice to file a proper bond, in an amount fixed by the board of school directors, having been given by the board to the relator, there was no such failure on his part to furnish a proper bond as empowered the board to appoint another suitable person as collector of the school taxes in that district. As the relator's duty to file a bond arose only upon the discharge of the board's duty to fix the amount of it and to notify the relator, there could be no breach of his duty until after the board's duty had been performed. The only case decided by this court bearing on the question is McGarrity v. McQuail, 240 Pa. 232. This was a bill by the borough tax collector to enjoin defend-

ant, appointee of the school directors, from collecting school taxes, and to compel the school directors to deliver the tax duplicate to plaintiff. The evidence showed, as stated in the opinion of Justice MOSCHIS-KER, that the only bond tendered by plaintiff was that required by the Act of 1885 (now superseded by the Borough Code), and that he never furnished or offered to furnish the bond in addition thereto required by section 550 of the School Code. "Under such circumstances," said the court, "the school board did not create a vacancy but the appellant in effect removed himself, and the school board was authorized and required by the Act of 1911, to appoint some one else to collect the school taxes." The precise question now before us does not appear to have been expressly raised or considered in that case.

Relator has shown sufficient interest in the office of collector of school taxes to enable him to maintain a writ of quo warranto. He has shown a prima facie title to perform the functions of that office, having done all that he could until the school board performed its statutory duty, to qualify himself therefor. The question of interest in the relator was considered by this court in Com. ex rel. v. Swank, 79 Pa. 154, where Justice AGNEW had this to say, at page 156: "The objection that the writ can issue only at the suggestion of the attorney-general, and not of a private relator, is not sustained. This would be true according to Com. v. Cluley, [56 Pa.] 270, and the cases cited on page 272, had the relator here shown no private interest in himself. But prima facie, he has an interest to oust the defendant in the apparent title conferred upon him by the act, to perform the duties and receive the fees of the office. Whether he or any one else has a truly valid title to the office of clerk of the district court, is not a question upon this motion to quash, there being a prima facie title in the relator."

Com. ex rel. v. Crow, 218 Pa. 234, was a per curiam opinion where the court said, in quashing the writ, that

the relator had failed to show such an interest in the disputed office of senator as would entitle him to the office if judgment of ouster were granted, "for his own qualifications and the regularity and validity of his election would still be subject to the investigation and judgment of the senate, which is the ultimate and supreme tribunal on these matters." In Com. ex rel. v. Cluley, 56 Pa. 270, another case strongly relied on by appellant, it was made plain by the decision of the court that relator would not be entitled to the office there in question even were judgment of ouster entered; hence his interest was insufficient to support the writ. But here the only obstacle to relator's assuming the duties of his office is the performance of a purely voluntary act, to wit, the giving of a proper bond, which he alleges he will do when the school board fixes the amount of it and gives him due notice.

The judgment of the lower court that defendant, Ervin J. Blume, is now unlawfully holding the office of tax collector for the school district and ousting him from the same, is affirmed.