682

## Dahl v. Wooster (No. 2)

*Keller & Luxenberg*, for plaintiff.
*Morris & McKim*, for school district.

POWERS, J., June 5, 1957.—The question for determination by the court in this case is: Whether the council of the Borough of Ellwood City is empowered by the borough code and the acts of General Assembly to appoint by resolution a qualified elector to fill the unexpired term of Howard E. Wilson, deceased, as tax collector for the collection of borough school taxes levied within the borough by the authorities empowered to levy taxes.

The borough council derives its power from the Borough Code of 1947 and related acts, which provide as follows:

"*Article VIII*—Election of Officers: . . . The qualified electors of every borough shall . . . elect one properly qualified person as tax collector of the borough": Borough Code of July 10, 1947, P. L. 1621, sec. 21, 53 PS §45850.

"*Article IX*—Vacancies in Office: . . . If any vacancy shall occur in the office of burgess, member of council, auditor, controller, or tax collector, by death, resignation, removal from the borough . . . the borough council shall fill such vacancy by appointing,

by resolution, a registered elector of the borough, or of the ward in case of a ward office, to hold such office for the unexpired term of the office. . . .

"If the council of any borough shall refuse, fail or neglect, or be unable, for any reason whatsoever, to fill any vacancy within thirty days after the vacancy happens, as provided in this section, then the court of quarter sessions shall, upon petition of the burgess or council or five citizens, fill the vacancy in such office by the appointment of a qualified resident of the borough for the unexpired term of the office": Borough Code of July 10, 1947, P. L. 1621, sec. 901, as amended, 53 PS §45901.

"*Article X*—Powers and Duties of Elected Borough Officers: . . .

"(f) *Tax Collector* . . . The tax collector shall be the collector of all State, county, borough, school, institution district and other taxes, levied within the borough by the authorities empowered to levy taxes. He shall, in addition to the powers, authority, duties, and responsibilities provided for by this act, have all the powers, perform all the duties, and be subject to all the obligations and responsibilities, for the collection of such taxes, as are now vested in, conferred upon, or imposed upon tax collectors by law": Borough Code of July 10, 1947, P. L. 1621, sec. 32, 53 PS §46080.

It is clearly evident, therefore, that the legislature contemplated that the tax collector be in the first instance an elected borough official governed by the borough code with reference to his responsibilities, powers and duties. It, therefore, is logical that in the event of a vacancy occurring in the office, the borough council should and does have the power to fill such vacancy for the collection of all taxes levied in the borough by the authorities empowered to levy the

same. Thus the legislature has clearly indicated its intent in simple and direct language, and any other construction of this language can be arrived at only by tortious means.

In Black v. Duquesne Borough School District, 239 Pa. 96, at page 104, the court said:

"It has been the declared statutory policy of the law for more than a quarter of a century that school, borough, township and other local taxes shall be collected by a single tax collector elected by the people of the local districts, and if it be the intention of the legislature to change this policy by substituting collectors to be appointed for the collection of school taxes, it is not too much to require that it shall be done by language so plain as to leave no doubt about its meaning."

In Commonwealth ex rel. Davis v. Blume, 307 Pa. 406, the court, at page 417, reiterated with approval the language of the Black case.

In the Blume case, the facts were almost identical with the facts of the case at bar. In that case, George M. Davis filed an action of quo warranto alleging that the tax collector of the Borough of Leetsdale having resigned, the borough council appointed Davis as tax collector for the unexpired term; he took the oath of office, filed the same in the Court of Quarter Sessions of Allegheny County, gave bond approved by the court and filed in the office of the clerk; he entered upon the duties of tax collector in the borough; the school board was notified and acquainted with the fact of his appointment; he was ready and able to furnish such bond as might be fixed by the school board, but the school board failed to fix the amount of bond and notify Davis to furnish it; subsequently the school board appointed Blume as collector of school taxes without giv-

ing notice to Davis and delivered the tax duplicate to Blume.

While the Blume case was decided under The General Borough Act of May 4, 1927, P. L. 519, art. IX, and the School Code of May 18, 1911, P. L. 309, art. V, an examination of both of those acts will show the sections in question are almost identical with the Borough Code of 1947 and the Public School Code of 1949, respectively.

The court said in the Blume case in arriving at its judgment that:

"Upon the resignation of the elected official, authority resided in the borough council to appoint his successor. They appointed relator to fill the vacancy, and he duly qualified to collect the borough taxes by filing his bond approved by the court of quarter sessions, under section 1081 of the borough code. . . . Hence before such bond could be filed it was necessary for the school board to fix the proper amount, and due notice should have been given the appointee of the borough council of the amount of the bond required before he was under any duty to file one. . . . Section 550 of the School Code specifies that the school directors shall have power to designate a special collector of school taxes only in case the regularly elected or appointed tax collector 'shall fail to furnish a proper bond within fifteen days after his appointment, or notice so to do'. If a patent ambiguity is present in this language, it must be resolved in favor of the construction that notice to furnish bond in the amount fixed, followed by the appointee's failure to furnish bond within fifteen days, is a prerequisite to the occurrence of a vacancy which the school board is empowered to fill by appointment."

Section 550 of the School Code of 1911 referred to in the Blume case was reënacted in the Public School

Code of March 10, 1949, P. L. 30, art. VI, section 684(*d*), 24 PS §6-684(*d*), which provides as follows:

"In case any person appointed tax collector shall fail to furnish a proper bond, with the proper sureties or securities, within fifteen days after his appointment, or notice so to do, then, in any such case, the board of school directors shall appoint another suitable person as collector of the school taxes in said district. . . ."

The Blume case is the latest case in the Supreme Court of Pennsylvania upon the specific question involved, and we repeat the language of that case when the court said, in reiterating the settled policy of this Commonwealth to have one person collect all of the taxes:

" '. . . if it be the intention of the legislature to change this policy by substituting collectors to be appointed for the collection of school taxes, it is not too much to require that it shall be done by language so plain as to leave no doubt about its meaning.' "

We submit that the legislature has not made a change in the provisions relating to the appointment of tax collector where a vacancy occurs in this office. To say that the policy of the law applied only to elected officials is ridiculous on its face when the court in the Blume case itself applied the ruling to the tax collector appointed by the borough.

Defendant places much reliance on the Local Tax Collection Law of May 25, 1945, P. L. 1050, 72 PS §5511.1. We have examined this act carefully and we find nowhere, either in its title or in the provisions enacted, any reference to the question before the court, namely the power of appointment of a tax collector where a vacancy occurs. As a matter of fact, in defining the term "Tax Collector", it provides that it shall include every person duly "elected or appointed",

but makes no provision in the act itself for any mechanics of appointing a tax collector, thus leaving the election or appointment in case of a vacancy to the borough council as set out in the borough code.

## Conclusion

1. The Borough Code of 1947 expressly provides and sets up the machinery for the appointment of a tax collector where a vacancy occurs in that office.

2. The borough code defines the power of tax collector as being the person to collect all taxes, including school taxes, that are levied in the borough by the authorities empowered to levy the same.

3. No other act of assembly, by plain language, changes the clear intent as expressed by the borough code.

4. That the council of the Borough of Ellwood City and plaintiff, insofar as he was not prevented by the School District of the Borough of Ellwood City, have complied with all the provisions of the act of assembly covering his appointment.

5. That the facts in the case at bar are almost identical with the facts in the case of Commonwealth ex rel. Davis v. Blume, 307 Pa. 406, and the decision in that case is applicable in the case at bar, and is the controlling law.

Accordingly we herewith make the following

## Order

Now, June 5, 1957, judgment is hereby entered in favor of plaintiff and against defendant, Clara Wooster, declaring her aforesaid appointment as tax collector a nullity, and defendant is hereby ousted as collector of taxes for the School District of Ellwood City. Costs of this proceeding to be paid by defendant.

Now, June 5, 1957, an exception is sealed to the above order for defendant.