## McKee *versus* Christman and Taggart.

Upon an execution under a judgment obtained for overdue taxes, in a suit by the collector after the expiration of his warrant, by virtue of the Act of April 11th 1848, the defendant is not entitled to the exemption of $300, under the Act of April 9th 1849, and he therefore cannot recover damages against a constable for disregarding his claim for exemption in a sale of goods under such execution.

April 24th 1883.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Northumberland county :* Of January Term 1883, No. 338.

Trespass, by James McKee against F. G. Christman and T. M. Taggart, originally brought before a justice of the peace. A judgment was rendered by the justice in favor of the plaintiff for $175, from which an appeal was taken to the common pleas.

On the trial, before ROCKEFELLER, P. J., the plaintiff claimed to recover damages for the selling, by the defendant Christman, who was a constable, of a mare belonging to plaintiff, under the following circumstances :

The defendant Taggart was collector of school tax for Delaware township in 1877. In October 1877, he held a warrant for school taxes assessed against and due by McKee, payment of which was not made on demand. No levy was made on McKee's property for two years, when the warrant expired. Taggart subsequently brought suit against McKee, before a justice of the peace, in pursuance of the Act of April 11th 1848, for the recovery of said over due taxes, and obtained judgment for the same, for $2.20, under which an execution was issued and placed in the hands of the defendant Christman, a consta-

[McKee *v.* Christman.]

ble. McKee, being unable to pay on demand, claimed the benefit of the exemption law of 1849, and asked that property to the value of $300 be set apart to him. Christman, at the instance of Taggart, disregarded the said claim for exemption, and levied on and sold the mare in question, notwithstanding the repeated claim of exemption by McKee. The latter then brought this suit for damages against Christman and Taggart.

The court, ROCKEFELLER, P. J., instructed the jury that the exemption law of 1849 applied only to debts founded on contract, that the judgment in this case being for taxes, assessed to support the government, the claim was not founded on contract, and McKee was not entitled to the benefit of said exemption law. The court therefore directed the jury to find a verdict for the defendants.

Verdict accordingly for the defendants, and judgment thereon. The plaintiff took this writ of error, assigning for error the above instruction of the court to find for the defendants.

*Oscar Foust*, for the plaintiff in error.—That it was the intention of the legislature, that the defendant should have the benefit of the exemption law of 1849, on an execution issued on a judgment obtained by tax collector on an expired warrant, is apparent, from the fact that the Exemption Act of 1849 was approved about one year after the Act of 1848 (giving collector right to sue), and the concluding portion of section 2d of said Act of 1849 says, " and property thus chosen and appraised, to the value of three hundred dollars, shall be exempt from levy and sale on execution or warrant, excepting warrants for the collection of taxes." Now clearly they have made the exception and that is the warrant for the collection of taxes; the Act of 1848 giving the tax collector the right to sue on his expired warrant, was before the legislative eye when this exemption law was passed, and had the legislature intended to except from the operation of its provisions, the execution issued by such collector on a judgment for taxes, they would have said so.

*G. W. Ziegler*, for the defendants in error.—If the plaintiff in error was not entitled to the exemption in the lifetime of the collector's warrant, clearly he could not claim the benefit of the Act, on an execution that was issued on a judgment obtained for the taxes after the warrant had expired. The mere fact that a suit had been brought by the tax collector did not change the nature of the claim. A defendant in an execution is only entitled to the benefit of the three hundred dollars by virtue of the Act of Assembly. The Act of 1849, by its terms, limits the exemption to executions on judgments obtained on " con-

[McGee v. Dillon.]

tract and distress for rent." A judgment for taxes is not obtained on contract, and the exemption law does not apply thereto : Lane v. Baker, 2 Grant 424; Zeigler v. Gram, 13 S. & R. 103 ; Zell v. Arnold, 2 Pen. & W. 292.

The opinion of the court was filed May 14th 1883.

PER CURIAM.—The judgment under which this contention arises was not recovered on an ordinary debt. It was for a tax levied against the plaintiff in error which he had neglected or refused to pay. As it was confessedly unpaid, his liability therefor had never been discharged. He is in no position to claim that his property shall not be liable to seizure on execution for its collection in like manner as if taken on a warrant of the collector. Although the manner of proceeding to collect the tax is changed, yet it is nevertheless a tax, and against the collection thereof the $300 exemption law cannot be successfully invoked.

Judgment affirmed.