## Commonwealth ex rel. *v.* Topper, Appellant.

*Public officers—Tax collector—Division of township—Residence—Vacancy in office—Acts of April* 11, 1862, *P. L.* 471, *June* 25, 1885, *P. L.* 187, *and July* 2, 1895, *P. L.* 434.

Where a borough is created out of territory embraced within the limits of a township, the office of tax collector of the township becomes vacant under the terms of the act of July 2, 1895, if the incumbent of the office is at the time of the division of the township resident in the portion of the township which becomes the borough. In such a case the court of quarter sessions under the provisions of the act of July 2, 1895, may appoint a successor to the office of tax collector of the township.

The Act of June 25, 1885, P. L. 187, providing for an elective office, the incumbent of which is styled collector of taxes, superseded the office of collector of school tax under the former system, and the new officer, entirely independent of the board of school directors, became the only person authorized to collect taxes of every description. The Act of April 11, 1862, P. L. 471, providing for the continuance of school directors' powers over a detached portion of a divided school district, has no application to the continuance in office of a tax collector elected under the Act of June 25, 1885, P. L. 187.

Submitted Oct. 15, 1907. Appeal, No. 77, Oct. T., 1907, by

defendant, from judgment of C. P. Cambria Co., Dec. T., 1906, No. 419, for plaintiff on quo warranto in case of Commonwealth ex rel. Joseph Boland v. William Topper. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Quo warranto to determine title to office of tax collector of Cresson township. Before O'CONNOR, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for plaintiff.

*Thomas J. Itell* and *R. E. Cresswell*, for appellant.—When a borough is incorporated out of a portion of a township a new school district is thereby formed, by operation of law: In re Abington School District, 84 Pa. 179 ; Hunlock v. Jones, 9 Kulp, 278.

The school district of Cresson township as it existed on the first Monday of June, 1906, and prior thereto, continued to exist until the first Monday of June, 1907, comprising all the territory of the original township of Cresson and consequently including the territory of the two boroughs of Cresson and Sankertown ; and that so far as school matters were concerned there was but one school district in that entire territory until after the first Monday of June, 1907.

A public office, such as collector of taxes, is a right or privilege to which the incumbent is entitled by virtue of his election : Com. v. Gamble, 62 Pa. 343 ; Worthy v. Barrett, 63 N. C. 199.

The Act of July 2, 1895, P. L. 434, states that "if a vacancy shall take place" in the office of tax collector, etc., the court shall appoint a suitable person to fill the vacancy. It does not say that a vacancy necessarily takes place, in any of the instances cited, and in no act of assembly relative to the office of collector of taxes is a residence qualification prescribed for the person to be elected.

*J. W. Leech* and *Harvey Roland*, for appellee.—When a vacancy in the office of township tax collector occurs by the formation of a new borough, the quarter sessions fills the vacancy by appointment: Bitting v. Com., 20 W. N. C. 178.

The tax collector of the township collects the taxes for the school district thereof; one not a collector of the township collects none of the taxes therein; a collector who has lost his residence has certainly lost his office; and one who has lost his office must have lost its functions and franchises: Com. v. Lally, 10 Phila. 507; Com. v. Strattan et al., 11 Pa. Dist. Rep. 578.

OPINION BY MR. JUSTICE STEWART, January 6, 1908:

The question here presented concerns the right of the appellant as collector of taxes for the township of Cresson in Cambria county, to collect the school taxes of the township. The ground on which this right is challenged will appear from a brief statement of the facts. The respondent below, here the appellant, William Topper, was duly elected collector of taxes of the township at the February election in 1906. In June following, Sankertown borough was created out of territory which at the time of the election was embraced within the limits of the township. Respondent resided in that part of the township which afterwards became the borough of Sankertown. Because of his nonresidence within the township, as a result of the separation of the new borough, the court of quarter sessions of the county on June 26 declared the office of tax collector for the township vacant, and appointed Joseph Boland, here the appellee, to fill the vacancy for the unexpired term. It does not appear that any exception was taken to this action of the court, but on September 22 following, Topper, while continuing to reside without the limits of the township, filed his oath and bond and thus sought to qualify. The township school board delivered to him for collection the duplicate of taxes for the township school district. Thereupon Boland, the court's appointee, began this proceeding to test Topper's right to exercise the office he claimed. In the answer filed to the suggestion, and in the argument here, the respondent rests his right to collect the school duplicate of taxes on the Act of April 11, 1862, P. L. 471, which provides that where a portion of a common school district is detached, the alteration shall not take effect for school purposes until the commencement of the school year next after the end of that in which it shall have been decreed and confirmed, and

that the directors in the detached portion shall continue to exercise their office until the end of the year in which the alteration occurred.

It is not unreasonable to allow that the provision here made for carrying over the existing order of things until the end of the current school year, included as well the collector of taxes who was not specifically mentioned, as the school directors who were, inasmuch as the collector, at the time of the passage of the act, was the appointee of the school directors, who determined the amount of his bond and passed upon the sufficiency of his sureties. The appointment was for no fixed term. All this was changed, however, by the Act of June 25, 1885, P. L. 187. By this latter act a new elective office was created, styled collector of taxes. It provides for the election annually (triennially now since the amendment of June 6, 1893), of a tax collector by the electors of each borough and township; and by the fourth section of the act all authorities empowered to levy taxes, are required to issue their respective duplicates to the duly qualified tax collector of the district. With the passage of this act the office of collector of school tax under the former system ceased to exist, and the collector of taxes, an officer entirely independent of the board of school directors, became the only person authorized to collect taxes of any description. None of the considerations, therefore, supporting the view that the collector of school taxes under the former system was included in the provision for continuance in office after the change in the district can operate now. The Act of June 25, 1885, P. L. 187, was a virtual repeal of the Act of May 8, 1854, P. L. 617, to the extent indicated. This, however, is not wholly decisive of the question, since the respondent claims the right to collect the school duplicate by virtue of his election as collector of taxes for the township. The court below adjudged the office of collector vacant, notwithstanding the respondent had been duly elected thereto, on the ground that by the change in the lines of the district he had ceased to be a resident and qualified elector therein. The Act of July 2, 1895, P. L. 434, was relied upon as supporting this adjudication. It reads as follows: " That if any vacancy shall take place in the office of tax collector after any ward, district, borough or township election, by reason of the erection of any

new ward, district, township or borough, or from the neglect or refusal of any person elected to perform the duties of the office, or by death, resignation or otherwise, the court of quarter sessions of the proper county upon petition of the town council or any citizen who is a resident of said borough, township or ward, setting forth the fact that a vacancy does exist, shall appoint a suitable person to fill said vacancy for the full or unexpired term."

Our attention has not been directed to any statute which in express terms makes residence within the township a qualification for holding office therein, and our own somewhat partial examination has discovered none, yet we are of opinion that, at least with respect to the office of tax collector, residence is an essential qualification, made so by the act above quoted by necessary implication. It is quite impossible to conceive of a change in the lines of the township creating a vacancy in such office, except as the change places the residence of the incumbent in a different municipal division from that in which he was elected. When residence in the district is lost, by operation of law, the tenure of office fails and the office becomes vacant. It is impossible to give any other meaning to the act. In just such contingency as this the act provides for the appointment of a successor to fill the unexpired term.

On both propositions the appellant fails in his contention. The case was properly decided in the court below, and the judgment is affirmed.