# Commonwealth ex rel., Appellant, *v.* Duquesne Borough School District.

*Public officers—School tax collector—Vacancy in office—Power to fill vacancy—School board—Quarter Sessions Court—Act of June 25, 1885, P. L. 187—School Code of May 18, 1911, P. L. 309, Sec. 547, P. L. 342—Right of appointee of court to tax certificate—Mandamus.*

1. It is the settled policy of the law to have school, borough, township and other local taxes collected by a single tax collector elected by the people of the local districts; and the power to fill a vacancy in any such office is vested in the Courts of Quarter Sessions by the Act of June 25, 1885, P. L. 187; the provision of Section 547 of the School Code of May 18, 1911, P. L. 309, 342, conferring like authority upon the school board is merely supplementary to the Act of 1885, the appointment by the school board being in any event temporary, for the current year only.

2. Where a person has been appointed to fill a vacancy in the office of tax collector of a borough by the Court of Quarter Sessions, under the provisions of the Act of 1885, and has complied with all the conditions of such act, and has tendered the school board of the borough an additional bond with sufficient sureties in the entire amount of the school tax levied, he is entitled to have the tax duplicate of the school district of such borough certified to him for collection, the school board not having elected or appointed a person to collect school taxes until after the appointment of such collector by the Court of Quarter Sessions; and the collector so appointed may enforce his right to receive such certificate by mandamus.

Argued October 24, 1916. Appeal, No. 185, Oct. T., 1916, by relator, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 1168, refusing mandamus in case of Commonwealth of Pennsylvania ex rel. Edward H. Fey v. The School Board of the School District of the Borough of Duquesne, a School District of the Third Class of Pennsylvania, W. C. Libengood, L. L. Cannon, C. F. McDonald, Harry Stewart, C. F. Corman, Nathan Brown, S. D. Regester, Officers and Members of said

1917.]    Assignment of Error—Opinion of the Court.
School Board.    Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.    Reversed.

Petition for writ of mandamus.    Before EVANS, J.

The facts appear by the opinion of the Supreme Court.

The court overruled a demurrer to respondent's answer and entered judgment in favor of respondent. Relator appealed.

*Error assigned,* among others, was in overruling the demurrer.

*Samuel Milliken,* for appellant, cited: Black v. Duquesne Borough School District, 239 Pa. 96.

*W. M. Ewing,* for appellees.—Section 547 of the School Code of May 18, 1911, P. L. 309, did not repeal the Act of June 25, 1885, P. L. 187, empowering the Court of Quarter Sessions to fill by appointment an existing vacancy in the office of borough school collector but is merely supplementary thereto: McGarrity v. McQuail, 240 Pa. 232; Black v. Duquesne Borough School District, 239 Pa. 96; Commonwealth v. Brown, 20 Pa. C. C. 250; Rodrock v. School Directors School District of the Township of Doylestown, 11 Justices' L. R. 203; Commonwealth v. Titusville School District, 41 Pa. C. C. 292; In re Compensation of School Tax Collector, 62 P. L. J. 623; School Tax Collectors, 42 Pa. C. C. 508.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

As stated by counsel for appellant, the question here involved is, whether one appointed tax collector of a borough, by the Court of Quarter Sessions, under the provisions of the Act of June 25, 1885, P. L. 187, having complied with all the conditions of the act, and having tendered the school board of the borough an additional bond with good and sufficient sureties in the entire amount of school tax levied, is entitled to have the tax

duplicate of the school district of the borough certified to him for collection; the school board of the borough not having elected or appointed a person to collect school taxes, until after the appointment of the collector by the Court of Quarter Sessions.

It appears that, on July 28, 1916, F. Norman Black resigned as tax collector of the Borough of Duquesne. On August 11, 1916, the Court of Quarter Sessions appointed Edward H. Fey tax collector to fill the unexpired term of Black, for the years 1916 and 1917. On the next day Fey notified the school board of his appointment; and on August 14th he filed his bond, ample in amount and security, in the Court of Quarter Sessions, and tendered an additional bond to the school board in the entire amount of the school tax levy. On the same day, namely, August 14th, the school board passed a resolution declaring the office of tax collector vacant and elected John C. Meighan to collect the school tax for the year 1916, ignoring Fey's appointment and tender of bond. Thereupon Fey filed his petition for a writ of mandamus. The school board answered, admitting the facts set out in the petition, but denying that Fey was legally entitled to the tax duplicate. Fey demurred to the answer, but the court below overruled the demurrer and entered judgment for the respondent, the school board. In Black v. Duquesne Borough School District, 239 Pa. 96, we said (p. 101) : "Prior to the Act of 1911 school taxes in boroughs and townships were collected by tax collectors elected under the Act of 1885, which act in some particulars was amended by subsequent statutes. This law was in effect in the boroughs and townships of the Commonwealth at the time of the approval of the school code. It therefore follows that unless the Act of 1885, in so far as it relates to the collection of school taxes, was repealed by the school code, it still remains the law. There is no express repeal, nor in our opinion is there a repeal by implication. The school code contains no general provisions for the election of tax collectors, and, after an examination of all the sections relat-

ing to this subject, we agree with the learned court below, that the evident intention of the legislature was to leave undisturbed the method of collecting taxes in force at the time of its adoption." And further on, it was said: "We fully concur in the view expressed by the court below that the school code was not intended to disturb the election of tax collectors and the collection of school taxes as provided in the Act of 1885."

Section 547 of the school code authorizes a school board to appoint a tax collector for the year, only when there is a vacancy. It does not interfere with the power of appointment vested in the Court of Quarter Sessions by the Act of 1885. In the present case had no appointment been made by the Court of Quarter Sessions, the school board might have been at liberty to act. But the court did act promptly and Fey, the appointee, qualified just as promptly, by filing his bond with the Court of Quarter Sessions, by which it was approved, and by tendering to the school board an additional bond in the requisite amount. After Fey had qualified there was no vacancy to fill. It is the settled policy of the law to have school, borough, township and other local taxes collected by a single tax collector elected by the people of the local districts. The power to fill a vacancy in any such office is vested in the Courts of Quarter Sessions by the Act of June 25, 1885, P. L. 187. The provision in Section 547 of the school code is, we think, to be regarded merely as supplementary, and the appointment by the board of school directors as in any event temporary, being for the current year only, and to be made on or before the first of June in each year. As the relator, Edward H. Fey, was duly appointed tax collector, by the Court of Quarter Sessions, the proper authority, he is entitled to all the prerogatives and emoluments of that office.

The assignment of error is sustained, the judgment of the court below is reversed, and it is ordered that, upon the filing of a proper bond by the relator, a writ of peremptory mandamus shall be awarded, in accordance with the prayer of the petition.