## Huber, Tax Collector, v. Weakland.

*Taxation—Collectors—Township, school and borough taxes—Females—Acts of April 15, 1834, P. L. 509, June 25, 1885, P. L. 187, May 17, 1917, P. L. 221, July 14, 1917, P. L. 840, July 17, 1919, P. L. 997, May 11, 1921, P. L. 508, and May 8, 1923, P. L. 169.*

1. Tax collectors of a township or borough, elected or appointed by the court, collect not only the township and borough taxes, but also the school taxes for the district comprising the township or borough.

2. Tax collectors have the right to make levy and distress upon the goods and chattels of a delinquent taxable, sell the same, and if taxes and costs are unsatisfied or if there be no such goods and chattels, then the taxable may be arrested and imprisoned until the taxes and costs are paid, or secured to be paid, or until otherwise discharged by due course of law.

3. Under the Act of April 15, 1834, P. L. 509, as amended by the Act of May 8, 1923, P. L. 169, a female taxable is subject to arrest and imprisonment for non-payment of taxes.

Declaratory judgment proceedings. C. P. Cambria Co., Dec. T., 1925, No. 1, in Equity.

Heard before Evans, P. J., McCann, J., and Reed, P. J., Orphans' Court, specially presiding.

*Shettig & Nelson,* for plaintiff; *Charles Hasson,* for defendant.

Evans, P. J., Oct. 5, 1925.—The facts admitted by the pleadings in this case are substantially as follows:

The Township of Elder is a township of the second class; the plaintiff is a resident of said township and is the duly elected, qualified and acting tax collector in said township, undertaking to collect both road and school taxes, and possesses all the powers and rights appertaining to the said office under the laws of this State.

That the defendant is a resident of the Township of Elder, Cambria County; is a female above the age of twenty-one years and a taxable in said township.

The School District of Elder Township belongs to the fourth class of school districts and is composed of the Township of Elder. The board of school directors of said district have properly and regularly levied the school taxes for the fiscal year beginning June, 1923, on the first Monday of May, 1923, and fixed the millage at 15 mills for school purposes.

The Board of School Directors of Elder Township issued and placed in the hands of the plaintiff a duplicate of the school taxes levied and assessed against taxable properties in said township for school purposes for the year 1923, and upon said duplicate there was levied and assessed against the said defendant school taxes for the year 1923 in the sum of $2.50, upon which a penalty of 5 per cent. was added for non-payment at the proper time, and attached to said duplicate and made a part thereof was a warrant issued to the plaintiff, duly executed by the proper officers of said school district, authorizing, direct-

ing and commanding the plaintiff to make due collection of the taxes shown upon said duplicate in accordance with law.

The Board of Supervisors of the Township of Elder, in accordance with law, levied road taxes for the year 1923 in the month of March of said year, and fixed the number of mills at ten.

The board of supervisors issued and placed in the hands of the plaintiff a duplicate of said road taxes for the year 1923, and upon this duplicate there was levied and assessed against the defendant road taxes in the sum of $1.00, upon which a penalty of 5 per cent. was added for non-payment at the proper time. Attached to and made a part of said duplicate of road taxes was a warrant directed to the plaintiff, duly executed by the proper officers of the township, authorizing, directing and commanding the plaintiff to make due collection of the taxes shown upon the duplicate in accordance with law.

That the plaintiff has made proper demand and served proper notice upon the defendant of the taxes above mentioned that have been levied and assessed against her for school and road purposes and requiring payment to be made therefor. Such payment the defendant has refused to make. The defendant is not possessed of personal property, goods or chattels upon which the plaintiff could levy the amount of taxes assessed. That the plaintiff, because the defendant has no goods or chattels sufficient to satisfy the taxes, seeks to take the body of the defendant and convey her to the jail of Cambria County, there to remain until the amount of said taxes, together with costs, is paid or secured to be paid, or until she be otherwise discharged according to law. The defendant denies the right of the plaintiff to arrest and imprison her for failure and refusal to pay the said taxes.

Upon the above stated facts we have the following questions for consideration:

(a) Has the plaintiff, under the laws of this State, the right to distrain and sell the goods and chattels of delinquent taxables in a township of the second class and in a school district of the fourth class for unpaid road and school taxes respectively?

(b) Has the plaintiff, under the laws of this State, power and authority to arrest and imprison a delinquent taxable in the absence of goods and chattels of said taxable sufficient to satisfy road taxes levied and assessed against said taxable in a township of the second class, or for unpaid school taxes levied and assessed against said taxable in a school district of the fourth class, there being no goods and chattels sufficient to satisfy the same?

As to paragraph (c) of the petition, where a third question is presented, we do not answer this question in view of the conclusion we have reached as to the first and second questions asked, which make a reply to paragraph (c) unnecessary.

We will first take up the matter as it affects the collection of school taxes.

The Act of July 14, 1917, P. L. 840, known as the Township Code, provides, in sections 141 and 170, for the election of one tax collector to serve for a term of four years.

Section 365 of the Township Code provides as follows: "The tax collector of townships of the second class shall collect all State, county, township, school, poor and other taxes levied within townships of the second class by authorities empowered to levy taxes. He shall, in addition to the powers, duties, responsibilities and compensation enumerated in chapter 8, article II, have all the powers, perform all the duties, be subject to all the obligations and responsibilities and receive the same compensation for collecting such taxes, other than township taxes, as are now vested in, conferred upon, or

imposed upon or received by, collectors of the several classes of taxes hereinbefore mentioned."

An examination of the sections of the act found under chapter 8, article II, discloses that there are no provisions indicating the power and authority of the tax collector in proceedings to enforce collection of taxes. The article does contain certain directions as to procedure and fixes the compensation of the tax collector, so that we are required to look to previous legislation to see just what power and authority is vested in the tax collector of a township of the second class.

We find that on June 25, 1885, the legislature passed an act entitled "An act regulating the collection of taxes in the several boroughs and townships of this Commonwealth," found on page 187 of the Pamphlet Laws of that year. Referring back to the Township Code of 1917, § 1500, which is the repealing section, we find that sections 1, 2, 3, 7, 9 and 11 of the Act of June 25, 1885, P. L. 187, are repealed in so far as they relate to township taxes. This leaves standing in effect, as relating to township taxes, sections 4, 5, 6, 8, 10 and 12. Section 4 of the Act of 1885, just referred to, is as follows: "The several county, borough, township, school, poor and other authorities now empowered, and which may hereafter be empowered, to levy taxes within the several boroughs and townships of this Commonwealth shall, on or before the 1st day of August of each year, after the first election of collector of taxes under this act, issue their respective duplicates of taxes assessed to the collector of taxes of their respective boroughs and townships, with their warrants attached, directing and authorizing him to collect the same, but road taxes may be worked out as heretofore: Provided, that such special and other road taxes, as it may be lawful and necessary to collect in money, may, at the discretion of the supervisors or road commissioners, be placed in the hands of the collector of taxes, with their warrant for collection by him, for which he shall receive 5 per centum of the amount collected by him, or the same may be collected by the supervisors or road commissioners as heretofore: Provided, further, that the limitations in this act as to time, and the requirements hereof relating to keeping an alphabetical list of persons charged with taxes, shall not apply to road taxes."

Section 423 of the Township Code of 1917 is as follows: "The township supervisors shall make or cause a duplicate to be made designating the amount of road tax levied against each taxpayer of the township, and also duplicates for all other taxes levied and assessed under the provisions of this article, and shall deliver the same to the township collector, together with a warrant for the collection of the same, which taxes shall be collected as follows, namely: To all taxpayers who pay their taxes to the collector before June 1st of each year, an abatement of 5 per centum shall be made. All road taxes paid to the collector between June 1st and Oct. 1st of each year shall be paid in full; and to all road taxes remaining unpaid on the 1st of October in each year, the collector shall add 5 per centum as penalty for such delinquency, and shall collect said penalty in addition to the tax levied, said penalty to be his compensation for collecting said delinquent taxes."

It will be noticed that section 423 of the Township Code requires the township supervisors to deliver the tax duplicates to the tax collector with a warrant for the collection of the same, thus repealing the privilege given to the supervisors or road commissioners to collect the taxes as related in section 4 of the Act of 1885.

It appears without question from section 4 of the Act of June 25, 1885, P. L. 187, and from section 423 of the Township Code, that township super-

visors shall issue their duplicates for township taxes to the township tax collector, accompanied by a warrant authorizing and directing him to collect the same.

Section 5 of the Act of 1885 provides as follows: "The collector of taxes shall have all the power for the collection of said taxes, during his term of office, heretofore vested in collectors of county taxes under existing laws, and be subject to the same liabilities and penalties for neglect or violation of the duties of his office."

The above section 5 vests in the collector of taxes all the power heretofore vested in collectors of county taxes under existing laws. We find that the legislature has fixed the power of the collector of county taxes under an Act of Assembly approved April 15, 1834, P. L. 509, in section 21. Section 21 of this act reads as follows: "If any person shall neglect or refuse to make payment of the amount due by him for such tax within thirty days from the time of demand so made, it shall be the duty of the collector aforesaid to levy such amount by distress and sale of the goods and chattels of such delinquent, giving ten days' public notice of such sale by written or printed advertisements, and in case goods and chattels sufficient to satisfy the same, with the costs, cannot be found, such collector shall be authorized to take the body of such delinquent and convey him to the jail of the proper county, there to remain until the amount of such tax, together with the costs, shall be paid, or secured to be paid, or until he shall be otherwise discharged by due course of law."

It will be noted that this section authorized the levy of the amount of the taxes, if not paid upon demand, by distress and sale of the goods and chattels of the delinquent, indicates the method of procedure, and then provides that if the goods and chattels sufficient to satisfy the same, with costs, cannot be found, then the collector is authorized to take the body of the delinquent and convey him to the jail of the proper county, there to remain until the amount of such tax, together with the costs, shall be paid, or secured to be paid, or until he shall be otherwise discharged by due course of law.

The sections of the various acts of assembly cited above are all in full force and effect and without question authorize and empower a township tax collector, in the event that the taxable neglects or refuses to make payment of the amount due by him within thirty days from the time of demand so made, then to levy upon the goods and chattels of the delinquent, give ten days' public notice of the sale by written or printed advertisement, and sell the same, and in the event that the proceeds of the sale of the goods and chattels are not sufficient to satisfy the amount of taxes and costs, or if the taxable has no goods or chattels, then the tax collector is authorized to take the body of the taxable and convey him to jail, there to remain until the taxes are either paid or secured or until he is otherwise discharged by due course of law.

We are aware that section 35 of the Act of April 15, 1834, P. L. 509, which provided the powers for the collection of township taxes, was repealed by section 1500 of the Township Code of 1917. It was, however, not necessary to retain this section, for the reason that the Act of 1885 gave to tax collectors the powers as contained in section 21 of the Act of 1834, which were identical with those in section 35.

Again, referring to the Act of 1834, we find that section 45 provides as follows: "Nothing herein contained shall authorize the arrest or imprisonment for non-payment of any tax of any female or infant or person found by inquisition to be of unsound mind."

It is clear that section 45 of the Act of 1834 exempts a female. We find, however, that on May 8, 1923, the legislature, by an act found in Pamphlet Laws on page 169, amended section 45 of the Act of April 15, 1834, P. L. 509, by removing the exemption of females from arrest and imprisonment for non-payment of taxes. The amended section reads as follows: "Nothing herein contained shall authorize the arrest or imprisonment for non-payment of any tax of any infant or person found by inquisition to be of unsound mind."

This amendment now places females in the same situation as male persons and makes them subject to arrest and imprisonment under the same situation as male persons.

### As to the collection of school taxes.

It will be kept in mind that the Township Code provides for the election of a township tax collector. It will also be kept in mind that section 365 of the Township Code of 1917, as well as the Act of June 25, 1885, P. L. 187, authorizes the township collector to collect school taxes and vests in him all the powers such as are now vested in or conferred upon or imposed upon tax collectors of the several classes referred to in the act. We will also keep in mind that sections 4 and 5 of the Act of June 25, 1885, P. L. 187, also direct the school directors to deliver their duplicates to the township tax collector, authorize and empower him to collect the same, and that the tax collector is given all of the powers vested in the collector of county taxes, so that we have again to look to the Act of April 15, 1834, P. L. 509, to ascertain the powers of the county tax collector. These powers are set forth in section 21, quoted hereinabove. So that we find the township tax collector authorized and empowered to collect the taxes of the school district, and that he is possessed of the same powers in connection with the collection of this tax as in the collection of the township tax, so that, upon neglect or refusal to pay, the goods and chattels of the delinquent may be sold, and if the goods and chattels be not sufficient to pay the taxes and costs, or if there be no goods and chattels to be sold, the tax collector may take the body of the delinquent and place him or her in jail.

We have not undertaken to cite all of the sections of the School Code, referring to the authority of the school directors to levy and assess taxes. Sections 402, 503 and 537 have reference to this matter. Section 546 relates to the authority of the school directors of the second, third and fourth class to place their duplicates in the hands of the township tax collector. Section 542 of the School Code relates to the levy of an occupation or personal tax. This section has been amended by the Act of July 17, 1919, P. L. 997, and also by the Act of May 11, 1921, § 4, P. L. 508, so that it provides now for the levy of a *per capita* tax of not less than $1 nor more than $5 to be assessed by the local school district upon each resident inhabitant of the school district over twenty-one years of age. Section 547 of the School Code provides that the school board might appoint a tax collector where no tax collector was elected to collect school taxes, or where there was a vacancy, or where the tax collector elected refused to serve, and section 552 of the Code gives to this appointed collector all the power and authority now vested or which may be given by law to any tax collector. This we would then trace back to the authority already hereinabove cited.

Some question might have been raised as to whether or not the Act of June 25, 1885, P. L. 187, covered school districts, because of the language of the title of the act, the language being as follows: "An act regulating the

collection of taxes in the several boroughs and townships of this Commonwealth." Any doubt about this, however, has been settled by two decisions of the Supreme Court of this State. First, that of Com. ex rel. v. Topper, 219 Pa. 221, where it is held that the Act of June 25, 1885, P. L. 187, superseded the office of collector of school tax under the former system, and the new officer, entirely independent of the board of directors, became the only person authorized to collect taxes of every description. And the case of Com. ex rel. v. Duquesne Borough School District, 256 Pa. 50, where it is held that the power given to the Court of Quarter Sessions to appoint a tax collector under the Act of June 25, 1885, P. L. 187, still exists, notwithstanding the provisions of section 547 of the School Code, and that the intent of the legislature was that the school board could only appoint in the event that the court had not acted, and then their appointee was only authorized for a period of one year, which appointment by the court was for the unexpired term. We are aware of the fact that section 2 of the Act of June 25, 1887, P. L. 187, relating to the appointment of tax collector by the court, was repealed by the Act of May 17, 1917, P. L. 221; but section 183 of the Township Code of 1917 again re-enacts the law giving to the Court of Quarter Sessions the power to appoint the township tax collectors if there is a vacancy, and the appointment is for the unexpired term.

In conclusion, as to the school taxes, we are of the opinion that, under the statutes now in force in this State, a township tax collector, whether elected or appointed, shall receive the duplicates for the school taxes from the school board of the district and has the power to levy and distrain upon goods and chattels of a delinquent taxable, and, if unsuccessful in getting his tax and costs, may convey the delinquent taxable to jail, there to remain as provided under section 21 of the Act of 1834, hereinabove quoted. And there is no question about the power of the school board to levy and assess taxes upon persons and property within their respective district.

At the argument of this case counsel called the attention of the court to the fact that there is considerable uncertainty among the people of the county as to the power of tax collectors in boroughs as well as in townships and school districts, and suggested that, in giving an opinion upon the matters covered by these proceedings, we also cover the power of a tax collector in a borough. We have made an examination and have concluded as follows:

The General Borough Act of 1915, known as the Borough Code, does not provide for the election of a tax collector in the borough, nor for the collection of taxes. This matter, however, is covered fully by preceding legislation. The Act of June 6, 1893, § 1, P. L. 333, provides for the election of a tax collector in boroughs to serve for the term of three years. This act repeals only that part of the Act of June 25, 1885, P. L. 187, that is inconsistent, which is the term of office, extending it from one to three years, and provides for the giving of a bond: Com. ex rel. v. Couch, 209 Pa. 354.

The constitutional Amendment of 1909 extended the terms of the tax collector to four years instead of three, and as tax collector for the borough he is entitled to have the tax duplicates of the borough school district issued to him, with the warrant directing and authorizing him to collect the school taxes: Com. ex rel. v. Duquesne Borough School District, 256 Pa. 50. This decision is based upon the Act of June 25, 1885, P. L. 187, already quoted hereinabove, section 4 of this act authorizing and directing the issuing of the duplicate to the collector of taxes.

Section 5 of the Act of June 25, 1885, P. L. 187, quoted above, gives to the collector of borough taxes all the power heretofore vested in collectors of

county taxes. This, again, refers to the 21st section of the Act of 1834, hereinabove quoted.

We conclude, therefore, that, under the laws of this State, the tax collector elected or appointed for a borough collects not only the borough taxes, but also the tax for the school district composing the borough; that the township tax collectors collect not only the township tax, but also the school tax for the district composing the township; that the collectors of tax, both in the township and borough, collect the borough, school and township tax, and have the right to make levy and distress upon the goods and chattels of a delinquent taxables, make sale of the same, and if the taxes and costs are unsatisfied, or if there are no such goods and chattels, then the taxable may be imprisoned by the tax collector under the provisions of the 21st section of the Act of 1834.

### Decree.

And now, Oct. 5, 1925, after argument and due consideration, we are of the opinion, and do declare, the right of the plaintiff, in connection with the collection of taxes, to be as follows:

That he, as collector of the township taxes, has the right to levy and distrain upon the goods and chattels of delinquent taxable and make sale of the same, and if sufficient funds are not realized to cover the taxes and costs, or if the delinquent taxable has no goods and chattels, then plaintiff may convey the taxable to the jail of this county, where he shall remain until the amount of said tax, together with the costs, shall be paid, or secured to be paid, or until he shall be otherwise discharged by due course of law.

The township tax collector, the plaintiff, is authorized to collect the taxes of the school district composing the township of which he has been elected, and to exercise the same powers and the same rights in connection with the enforcement of the collection of the school taxes as he has in the collection of the township taxes.

We, therefore, direct that judgment be entered for the plaintiff.

From Henry W. Storey, Jr., Johnstown, Pa.