## Commonwealth ex rel. Rogan v. McGinty et al.

*Maurice J. Cummings* and *James J. Powell,* for relator.

*Michael J. Martin,* for respondent.

VALENTINE, J., eleventh judicial district, specially presiding, December 19, 1931.—This is a mandamus proceeding to compel the officials of Olyphant Borough School District to deliver to the relator (tax collector of Olyphant Borough) the school tax duplicate and warrant for the collection of the school taxes for the year 1931.

The contest over the office of tax collector of this borough was fully considered in the opinion filed in Com. *v.* Bosak, 17 D. & C. 373, and no good purpose would be served by a repetition of the same.

The contention of the relator is that, the legality of Rogan's appointment having been determined in that proceeding, his appointment carried with it the right to collect the school taxes for said year.

In addition to attacking relator's right to relief upon the grounds urged in the Bosak case, counsel for the respondent take the further position that, under section 547 of the School Code of May 18, 1911, P. L. 309, the directors of said school district were vested with authority to appoint a tax collector.

Said section provides that:

"The board of school directors in each school district of the second, third, or fourth class in this Commonwealth, where a tax collector is not elected to collect school taxes, or where there is a vacancy, or where any tax collector

elected refuses to qualify or furnish a bond as herein provided, shall, annually, on or before the first day of June in each year, appoint one or more suitable persons as tax collectors in said school district."

Respondents urge that the word "election" contained in said section "means the usual selecting of a person by the right of electors exercising the right of franchise," and there having been no election of a tax collector in said borough, section 547 vested the power or authority to appoint a tax collector in the school board until such time as electors of the borough otherwise selected a tax collector.

The action of the school directors in appointing or ratifying the appointment of Bosak was taken November 25, 1930, without affording the borough council an opportunity to exercise its right of appointment under section 901 of The General Borough Act of May 4, 1927, P. L. 519, which vested the power of appointment in that body. We do not think that the power of the borough council to appoint a tax collector could be so readily eliminated, but regard section 547 of the School Code as supplementary to other acts of assembly regulating or relating to the collection of taxes, and are inclined to the opinion that when a person appointed by the duly constituted authorities complies with the provisions of the acts of assembly, relative to qualifications, etc., he is entitled to have the tax duplicate of the school district certified to him for collection: Huber, Tax Collector, v. Weakland, 7 D. & C. 496.

In Com. ex rel. District Attorney v. Coal Township School Directors, 11 D. & C. 259, it appeared that the school directors of the defendant district, acting under section 547 of the School Code, appointed a tax collector a few hours before the board of commissioners of the township appointed another person to fill a vacancy in the office of township treasurer. Section 131 of The General Township Act of July 14, 1917, P. L. 840, vested in the township commissioners the authority to fill vacancies in the office of township treasurer. The contention of the school directors was that, inasmuch as they made their appointment before the one made by the township commissioners, their appointee was entitled to receive the tax duplicate and warrant. This contention was not upheld, the court designating the alleged appointment made by them as a mere nullity.

In Com. ex rel. v. Duquesne Borough School District, 256 Pa. 50, it was held (syllabus) :

"Where a person has been appointed to fill a vacancy in the office of tax collector of a borough by the court of quarter sessions, under the provisions of the Act of 1885, and has complied with all the conditions of such act, and has tendered the school board of the borough an additional bond with sufficient sureties in the entire amount of the school tax levied, he is entitled to have the tax duplicate of the school district of such borough certified to him for collection, the school board not having elected or appointed a person to collect school taxes until after the appointment of such collector by the Court of Quarter Sessions; and the collector so appointed may enforce his right to receive such certificate by mandamus."

In Huber, Tax Collector, v. Weakland, supra, the Court of Common Pleas of Cambria County reached the conclusion that tax collectors of townships or boroughs, elected or duly appointed, collect not only the township and borough but also the school tax for the districts comprising the township or borough.

In Lyons v. Flynn, 26 Luz. L. R. 299, it is stated:

"It has been the declared statutory policy of the law that school, borough, township and other local taxes shall be collected by a single tax collector

elected by the people of the local district (Black *v.* Duquesne Borough, 239 Pa. 96), and when Henichek failed to qualify, the borough council, under section 901 of the Borough Code of 1927, P. L. 519, had the power to fill such vacancy by appointing by resolution a qualified resident of the borough to such office for the unexpired term of the office."

We, accordingly, conclude that under the provisions of the School Code, the school taxes should be collected by the tax collector elected by the people or by his successor appointed by the proper authorities to fill the vacancy caused by his resignation, and that the relator is entitled to a writ of mandamus as prayed for; nor do we see any good reason for changing the conclusions expressed in the opinion heretofore filed in the case of Com. *v.* Bosak, supra.

Therefore, now, December 19, 1931, judgment is given for the plaintiff and a peremptory mandamus directed to issue to Patrick J. McGinty, President, Michael E. Dougherty, Secretary, John Nalevanko, Treasurer, Frank Messett, John O'Connor, Andrew Hare and J. Hundich, officers and members of the School Board of the Borough of Olyphant, Lackawanna County, Pa., commanding them to forthwith deliver to the relator, Thomas J. Rogan, the school tax duplicate and the school tax warrant for the year 1931.

From Frank P. Slattery, Wilkes-Barre, Pa.