## Van Meter et al. v. Moore

*L. K. Donaldson,* for plaintiffs.

*R. L. Wallace,* for defendant.

BRAHAM, J., November 30, 1937.—On October 9, 1937, the plaintiffs filed a bill in equity praying for an injunc-

tion to restrain the defendant, an elected county tax collector, his deputies and agents, from seizing the personal property of the plaintiffs and other citizens of the School District of Pulaski Township, by distraint in satisfaction of alleged claims for delinquent per capita school tax, and from selling said goods on October 9, 1937, at 1 p.m., or at any other time. The bill of complaint, supported by the injunction affidavits of five citizens and taxpayers of the township, having been presented and a notice produced showing that the plaintiffs had served upon the defendant notice that they would apply for a preliminary injunction, this court, on October 9, 1937, granted an injunction in the following form:

"A preliminary injunction is granted restraining the defendant, J. R. Moore, Tax Collector, and his agents from seizing the personal property of the plaintiffs, and other citizens and taxpayers, resident in the School District of Pulaski Township, by distraint in satisfaction of alleged claims for delinquent per capita school tax, and from exposing to public sale their goods and chattels Saturday, October 9, 1937, at 1:00 P. M., as advertised, or at any other time."

Monday, October 18, 1937, at 9 a.m. was the time for hearing to make permanent or dissolve the preliminary injunction. Security in the sum of $200 approved by the court was filed.

On October 11, 1937, the defendant accepted service and acknowledged receipt of three copies of the bill of complaint, and on October 15, 1937, caused a general appearance to be entered on his behalf. No answer has been filed on behalf of the defendant.

A full hearing was had on this case on October 18, 1937, at which time the court refused the motion to dismiss the preliminary injunction and made it permanent until final hearing. Since that time the parties have waived their right to go into final hearing and have agreed that the court may dispose of the case upon the testimony taken at the preliminary hearing as if taken on final hearing. No

requests for findings of fact or conclusions of law have been filed by either plaintiffs or defendant.

Before proceeding to our findings of fact it might be well to state in general the questions which arise in this case. The principal question is whether delinquent per capita tax for school purposes may be collected by distraint. A further question is whether the defendant had, by appropriate action, laid the ground for sale on October 9, 1937, of the chattels distrained upon. May costs be recovered by the levying collector? May nonresident collectors be appointed? These are further questions. Relief against levies for delinquent per capita tax, relief against sale on October 9th by virtue of levies already made, and general relief constitute the prayers of the petition. . . .

## Discussion

It is expressly admitted by both parties that the school board had the right to levy a per capita school tax. The principal legal question which arises out of these facts is the right to collect such delinquent tax by distress. The plaintiffs contend strenuously that the School Code prescribes an entire and complete system for the management of the schools, including the collection of the school taxes; that it makes no provision for the collection of delinquent per capita school tax by distress and that the attempted collection by distress and sale in this case was unlawful.

This contention cannot be sustained. Delinquent per capita school tax may be collected by distress. Let us begin the inquiry where plaintiffs indicate we should begin, namely, with the School Code. The Act of May 18, 1911, P. L. 309, art. V, sec. 503, 24 PS §384, provides as follows:

"Every school district in this Commonwealth may, in addition to the present manner and remedies provided by law for the collection of school taxes, maintain an action in assumpsit for the collection of any unpaid school taxes, before any magistrate, justice of the peace, or alderman, or in any court of record; and to any judgment obtained

for such taxes there shall be added a penalty of ten per centum, together with costs of suit, upon which judgment an execution may be issued without any stay of execution, and no defendant in any such judgment shall have the right to any exemption of property levied upon to collect the same."

Section 552 of the School Code of 1911, supra, provides with reference to the powers of tax collectors appointed by the school district as follows:

"Every tax collector appointed by the board of school directors in any school district of the second, third, or fourth class, as herein provided, shall, in addition to the authority hereby given him, have the same power and authority to collect the school taxes therein as is or may be given by law to any tax collector."

There is an additional provision of the School Code providing that delinquent per capita tax may be collected from the employer of the taxable after due notice to him, which is section 558 of the School Code as amended by the Act of May 11, 1921, P. L. 508, sec. 9, 24 PS §637.

It will be noted that the section of the School Code first above quoted, section 503 thereof, provides that: "in addition to the present manner and remedies provided by law for the collection of school taxes", an action of assumpsit may be maintained. What were the existing manner and remedies then provided by law for the collection of school taxes? The foundation of the present method of collecting school taxes, and the method in existence at the time of the adoption of the School Code of 1911, is found in the Act of April 15, 1834, P. L. 509, sec. 21, amended by the Act of May 4, 1927, P. L. 712, 72 PS §5641, which reads as follows:

"If any person shall neglect or refuse to make payment of the amount due by him for such tax within thirty days from the time of demand so made, it shall be the duty of the collector aforesaid to levy such amount by distress and sale of the goods and chattels of such delinquent, giving ten days public notice of such sale, by writ-

ten or printed advertisements; and in case goods and chattels sufficient to satisfy the same with the costs cannot be found such collector shall be authorized to take the body of such delinquent, and convey him to the jail of the proper county, there to remain until the amount of such tax, together with the costs, shall be paid or secured to be paid, or until he shall be otherwise discharged by due course of law. No failure to demand or to collect any taxes by distress and sale of goods and chattels, or by imprisonment of the delinquent, shall invalidate any return made or lien filed for nonpayment of taxes or any tax sale had for the collection of such taxes on such return or lien."

The Act of 1834, supra, originally applying to county taxes and levies, was in effect by the Act of June 25, 1885, P. L. 187, sec. 4, as amended by the Act of June 29, 1923, P. L. 965, sec. 1, 53 PS §18793, extended to school taxes. By the Act of 1885, supra, the elected tax collector of a township was made the collector of such school taxes: Commonwealth v. Topper, 219 Pa. 221. This act was not repealed by the School Code of 1911, but still remains in effect: Black v. Duquesne Borough School Dist., 239 Pa. 96. Section 5 of the Act of 1885 gives to the township tax collector in the collecting of school taxes, the authority above recited in the original Act of 1834, in the following language:

"The collector of taxes shall have all the power for the collection of said taxes, during his term of office, heretofore vested in collectors of county taxes under existing laws, and be subject to the same liabilities and penalties for neglect, or violation of the duties of his office."

The plaintiffs' argument that these extensive powers apply only to appointed tax collectors overlooks the fact that this appointive tax collector, under section 547 of the School Code, can only collect taxes where there is no regularly elected collector, or where a vacancy exists. The provisions of the township code, with reference to the collector of taxes in townships of the second class, are found

in The Second Class Township Law of May 1, 1933, P. L. 103, art. V, sec. 570, 53 PS §19093-570. This legislation in effect picks up and reënacts in 1933 the Act of 1885, and is decisive upon the point. The elected tax collector is the collector of school taxes and has all of the powers above indicated.

Demand upon the taxables was requisite before collection by distraint could be made and no proper demand was made in this case. The foundation of the right to demand and receive the tax is found in section 20 of the Act of 1834. In section 21 of the same act, 72 PS §5641, the right to distrain is expressly conditioned upon refusal to make payment "within 30 days . . . of demand so made". Demand for taxes has been said to be: "Any intimation to the tax payer that a payment is desired": Miller v. Davis, 88 Me. 454, 34 Atl. 265. The evidence discloses no demand made upon the taxable before any of the distraints involved in the present case.

A collateral question is as to the efficacy of the notices sent out by the tax collector as demand. These notices were apparently sent out pursuant to the School Code of 1911, art. V, sec. 551. This act provides that the tax collector shall, after receiving his tax duplicates, properly notify by mail or otherwise, through printed or written notice, every taxable on his duplicates: ". . . such notice to contain the rate of taxation, the valuation . . . for the current year, and that the same are due and payable, and requesting payment thereof." The testimony clearly discloses that a notice was sent out. No original notice or copy thereof was, however, presented in evidence. In the proof of the contents of the notice there was no statement that the notice contained a request or demand for the payment of taxes. When the question raised is one of the right of the tax collector to levy upon the personal property of the taxable, we cannot presume that the notice contained such demand. The general notices which were posted in conspicuous places in the township, although evidence of the good faith of the school board and of the tax collector, cannot operate as a demand under the statute.

It is not complained of in the original bill, but the plaintiffs at argument places some reliance upon the fact that persons who were not residents or taxables of the school district were selected as deputy tax collectors. Although this is a practice which certainly ought not to be encouraged, we do not find it to be in positive contravention of any rule of law. The Act of 1834, supra, sec. 51, provides:

"It shall be lawful for any collector with the approbation of the treasurer of the proper county or township, as the case may be, to employ a suitable person to act for him in the execution of his warrant, such collector and his sureties being in all cases responsible for the acts of such deputy."

It will be noted that the act is silent as to the qualifications of the collector. When this is contrasted with the provisions of the Act of June 19, 1913, P. L. 534, 13 PS §21, which refers to constables, or the Act of May 29, 1893, P. L. 174, sec. 1, 18 PS §871, which refers to deputy peace officers, no legislative intent to restrict the persons who may be appointed deputy tax collectors to the class of residents or taxpayers appears.

Plaintiffs challenge the right of the tax collector to add costs to the amount of the tax and penalty. Clearly under the original Act of 1834, costs could be added to the tax. The Act of 1911, P. L. 309, art. V, sec. 561, as amended by the Act of 1925, P. L. 434, sec. 1, 24 PS §608, provides that the penalty shall be added to the tax and become a part of it. But the right to recover costs rests entirely upon the provisions of the Act of 1834. This act has been amended by the Act of 1927, P. L. 712, by the Act of 1931, P. L. 42, by the Act of 1935, P. L. 81, sec. 1, 72 PS §5641. In the amendment of 1935 the legislature, apparently in the attempt to strike down the right to imprison the taxable for failure to pay the taxes, struck out at the same time all reference to costs. We find therefore, no statutory background for the collection of costs and are forced

to conclude that the tax collector should not have added costs to the tax and penalty.

Plaintiff challenges the right of the defendant tax collector to collect the taxes in question by distraint under his then existing warrants. The warrants in question were issued in August of 1933, August of 1934, and August of 1935. The Act of April 22, 1846, P. L. 486, sec. 21, 72 PS §5623, provides that warrants shall be effective for a period of two years. Under this provision the warrant of 1933 would expire in August of 1935, the warrant of 1934 in August of 1936, the warrant of 1935 in August of 1937. Since the levies in these cases were made in March of 1937, it is clear that the time limit of the original warrant for the years 1933 and 1934 had then expired; that the warrant for the year 1935 had not then expired; but that it also expired in August of 1937. True, the legislature customarily passes at each session an act extending the warrants of collectors for a further period of two years: Act of April 26, 1929, P. L. 824, PS §5624. Such an act was passed July 12, 1935, P. L. 692, sec. 1, 72 PS §5625. By its terms this act applied to "all cases in which the period of limitation of the warrants of the duplicates of the . . . school . . . tax collectors have expired", and also to cases where such warrants had expired during the year 1934. But this act did not affect any of the defendant's warrants at that time. His 1933 warrant, although expiring in August of 1935, was not affected because, by section 2 of the act, its terms were effective immediately. The 1934 and 1935 warrants did not expire until 1936 and 1937, respectively. In March of 1937, however, his 1933 and 1934 warrants had expired and he was thrown back for the collection of those taxes upon his action of assumpsit secured him by the Act of April 11, 1848, P. L. 517, sec. 3, 72 PS §5645; Wickersham v. Russell, 51 Pa. 71; McKee v. Christman et al., 103 Pa. 431.

On June 4, 1937, Act no. 335, extending for two years the warrants of the tax collectors which had then expired,

was finally adopted. By its terms defendant's 1933 and 1934 warrants were extended so that, although the remedy of distraint was not available to defendant in March of 1937, it became available after June 4, 1937. The Act of 1937, supra, did not apply to his 1935 warrant because on the date of its final enactment his 1935 warrant had not expired.

The paradoxical situation thus results that he did not have the remedy of distress as to his 1933 and 1934 warrants when he distrained but does have it now; while as to his 1935 warrant he did have the right of distress when he levied but does not have it now.

Our general conclusions as to the points of law which have been raised in this issue are expressed in the following

### Conclusions of law

1. Delinquent per capita school taxes may be collected by distraint proceedings.

2. There is now no existing provision of law authorizing the addition of costs to the delinquent tax and penalty which may be collected by distraint.

3. Demand must be made upon the taxpayer for the tax before the tax collector can proceed to collect the delinquent tax by levy upon personal property. The notice in writing which the tax collector of school taxes is required to give the taxpayer within 30 days after the receipt of the duplicate by the collector may operate as such demand provided there is explicit language in it notifying the taxpayer that the tax is due and requesting payment thereof.

4. A written or printed notice addressed to all of the taxables within the school district and posted in public places in the district, advising them that delinquent per capita school taxes will be collected by distraint, is not such demand as will authorize the collector to proceed to levy upon the personal property of any taxable.

5. Public advertisement by posting sale bills in the

neighborhood is an indispensable prerequisite to a sale on a distraint proceeding for the collection of taxes.

6. The defendant tax collector had no right to proceed to collect taxes by distraint, except within the period of his warrant for that particular tax or an extension thereof.

7. Under the evidence in this case defendant's warrants for 1933 and 1934 taxes had expired at the time of the distraints complained of in this case. The said distraints were therefore improperly made. He had no right to proceed by distraint when he did so but does have the right now.

8. Under the evidence in this case, defendant's warrant for 1935 taxes had not expired when he made the distraints complained of but since August of 1937 his right to proceed by distraint thereon has expired.

9. Defendant's distraints for 1935 taxes were improperly made because not preceded by demand for the taxes.

10. A duly elected and qualified tax collector for a second class township may, as collector of school taxes, appoint deputies who are residents of the State of Pennsylvania, although not residents of the school district levying the tax.

11. A tax collector or deputy tax collector has no right to buy at his own sale on distress for taxes. Where, however, as here, the personal property has been bought by the tax collector or deputy, but the goods have been redeemed by the owner or one acting in his behalf upon payment of the tax, no harm has been done and the court will not interfere.

12. Defendant is not entitled to proceed to sale on any of the levies which have been complained of in this case.

13. Defendant may proceed by new levies to collect 1933 and 1934 delinquent per capita school tax by distraint upon personal property of the taxable.

In view of our findings of fact and conclusions of law, we make the following

*Decree nisi*

Now, November 30, 1937, final hearing in this case having been waived, the preliminary injunction heretofore granted is modified and continued, in that the defendant, by himself and his deputies, is hereby enjoined and restrained from proceeding to sell by virtue of distraints heretofore made, any of the personal property heretofore levied upon by him by distraint for the payment of delinquent per capita school taxes against the taxables of the School District of the Township of Pulaski, and he is further enjoined and restrained from proceeding by further distraint to collect delinquent per capita school tax for the year 1935 by virtue of his existing warrant for that year. The costs of this proceeding are placed upon the defendant.

NOTE.—A petition for modification of the foregoing decree was filed by defendant on January 4, 1938, and on February 23, 1938, a supplemental opinion was filed, which is reported in 31 D. & C. —.